449 P.2d 977

Nolan Joseph EDLER and State Farm Mutual Automobile Insurance Company, Intervenor, Appellants,

v.

Marcelle EDLER, aka Marcelle Steger, an incompetent person, by Richard J. Hertzberg, her Guardian ad Litem, Appellee.

No. 1 CA–CIV 434.

Court of Appeals of Arizona.

Jan. 30, 1969.

Rehearing Denied Feb. 28, 1969.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank and D. W. Grainger, Phoenix, for appellants.

Langerman, Begam & Lewis, by Samuel Langerman, Harrison, Strick & Myers, by Mark I. Harrison, Richard J. Hertzberg, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal by the defendant, Nolan Joseph Edler, and State Farm Mutual Automobile Insurance Company, intervenor, from an order denying motions of State Farm to intervene and motions to set aside default and default judgment as well as motions for new trial.

We are called upon to determine:

1. Whether State Farm Mutual Automobile Insurance Company had a standing to appear in this action either for itself or on behalf of the defendant Nolan Joseph Edler.

2. Whether the default judgment against Nolan Edler was a final judgment under the provisions of Rule 54(b), Rules of Civil Procedure, 16 A.R.S., when said judgment was signed and filed.

The facts necessary for a determination of this matter on appeal are as follows. Defendant, Nolan Joseph Edler, resided with his mother, Marcelle Edler, aka Marcelle Steger, in Phoenix, Arizona. On 19 December 1962 defendant, Nolan Joseph Edler, was driving an automobile insured by State Farm Mutual Automobile Insurance Company. The automobile collided at an intersection with an automobile driven by the defendant Gerald Andrew Sabelko.

Plaintiff, Marcelle Edler, was seriously injured and on 15 May 1964, after the appointment of a guardian ad litem, filed a suit against Sabelko. On 20 July 1964 by stipulation between the plaintiff, by her guardian ad litem, and defendant Sabelko an amended complaint was filed adding Nolan Joseph Edler as a defendant. The amended complaint alleged that both Sabelko and Nolan Joseph Edler were negligent and prayed for judgment against both Sabelko and Nolan Joseph Edler in

the amount of $150,000 as and for general damages as well as other amounts.

Defendant, Nolan Joseph Edler, took the complaint to a representative of State Farm Insurance Company and on 29 August 1964 defendant, Nolan Joseph Edler, was notified that "State Farm Mutual Automobile Insurance respectfully disclaims any coverage." Defendant, Nolan Joseph Edler, failed to answer or otherwise defend.

On 28 April 1965 plaintiff, through her guardian ad litem, and Sabelko settled their differences and a covenant not to sue was executed by plaintiff and delivered to Sabelko's insurer. The settlement paper was not filed with the trial court and is not before this Court.

On 14 May 1965, after written notice to State Farm, a default judgment was signed and filed against the defendant, Nolan Joseph Edler, in the amount of $150,000. There is no indication that the Court Commissioner in granting the default judgment was aware of the previous settlement between plaintiff and Sabelko and the default judgment does not reflect the fact of settlement or the amount thereof. Neither did the judgment contain the provision that there was "no just reason for delay" and that the judgment was final as required by Rule 54(b) of the Rules of Civil Procedure, 16 A.R.S.

On 29 November 1965, over 6 months after judgment was signed and entered, the attorneys for State Farm filed a petition to intervene on behalf of State Farm, and on behalf of State Farm and the defendant, Nolan Joseph Edler, moved to set aside the default and default judgment. On 9 December 1965 a stipulation and order dismissing the claim of the plaintiff against the defendant Sabelko was filed with the court and on 17 December 1965 separate motions to set aside default judgment or in the alternative motions for new trial were filed by State Farm Mutual and defendant Nolan Joseph Edler. The plaintiff then moved to strike the pleadings purportedly filed by the defendant, Nolan Joseph Edler, and supported the motion with an affidavit by Nolan Joseph Edler to the effect that after State Farm had notified him they did not intend to answer and after a judgment of $150,000 had been taken against him that:

"11. That your affiant has never authorized, expressly or impliedly, the law firm of Lewis Roca Scoville Beauchamp and Linton or any attorney associated with that firm to represent him in this proceeding or any other proceeding.

"12. That your affiant believes his interest and those of State Farm Insurance Company to be adverse inasmuch as State Farm failed and refused to defend him in this action and thereby permitted a judgment to be entered against your affiant."

The trial court denied State Farm Mutual's motion to intervene in their own name and also denied the motions of State Farm Mutual to set aside judgment and for new trial made both in the name of State Farm Mutual as well as in the name of the defendant, Nolan Joseph Edler. From said denials State Farm Mutual in its own name and in the name of Nolan Joseph Edler brings this appeal.

## DOES STATE FARM MUTUAL HAVE A STANDING IN THIS MATTER?

State Farm filed motions in the trial court both in its own name and in the name of Nolan Joseph Edler. The plaintiff moved to strike the pleading "purportedly filed by defendant Edler" on behalf of State Farm's attorneys. This motion was denied by the trial court. On appeal plaintiff contends that State Farm had no right to represent defendant Nolan Joseph Edler because having once elected to disclaim coverage under the policy, State Farm cannot withdraw that election "without the consent of the insured". With this we do not agree.

 While it is true that when an insurance company elects not to defend

and the assured then retains counsel and defends himself, the assured may then reject the belated offer of the insurance company to re-enter and participate in the defense of the law suit. Witt v. Universal Automobile Ins. Co., 116 S.W.2d 1095 (Tex.Civ.App.) (1938). In the instant case, defendant, Nolan Joseph Edler, made no effort to defend himself after the company denied coverage. He retained no counsel and allowed a $150,000 judgment to be taken against him without protest. Seemingly, his only activity after the company denied coverage was to make an affidavit in support of plaintiff's motion to strike the pleading "purportedly filed by defendant" Nolan Joseph Edler.

Whatever the liability which may attach for State Farm's failure to defend, and we express no opinion as to their actions, State Farm has a definite interest in the outcome of this suit. As this Court recently stated:

"Even though State Farm breached its contract, it is not wholly without some rights. On the breach of the contract it became Burke's duty to take reasonabe steps to mitigate the damages. (citations omitted) * * * Had Burke employed his own counsel who then sought to protect him, we would be faced with a different picture. The plaintiffs are in no position to raise the issue as to whether State Farm could re-enter the case. This right is one which is personal to the Burkes. (citations omitted) * * *

"We hold that under the circumstances it was proper for State Farm's attorneys to seek to set aside the judgment against the Burkes and to seek to sustain that action on appeal.

## WAS INTERVENTION PROPER?

"State Farm has a definite interest in the law suit. * * * We hold that intervention was proper." Lawrence v. Burke, 6 Ariz.App. 228, 235, 236, 431 P.2d 302, 309 (1967).

It should be noted that Lawrence v. Burke, supra, was decided after the ruling by the trial court in the instant case. Even assuming the defendant could object to State Farm's belated entry into the case, we do not believe that plaintiff has a standing to object to State Farm's position no matter how close the positions of plaintiff and defendant's interest may be and no matter how adverse the plaintiff may think the interest of the defendant, Nolan Joseph Edler, and State Farm might be. Lawrence v. Burke, supra.

## DOES RULE 54(b) OF THE RULES OF CIVIL PROCEDURE APPLY?

Rule 54(b) reads as follows:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b), Rules of Civil Procedure, 16 A.R.S.

The amended complaint alleged the negligence of both the defendant Edler and the defendant Sabelko. As such the complaint stated a cause of action that was joint and several.

The motions to set aside the motion for new trial were all made over six months after the judgment was signed by the Court Commissioner. If the judgment of 14 May 1965 is not a final and appealable judgment as provided by Rule 54(b) of the Rules of Civil Procedure, then the "decision is subject to revision at any time before the entry of judgment adjudicating all the claims." Then, not only is the motion to set aside default judgment and petition to intervene timely, but the motion for new trial comes within 10 days from the time that the formal stipulation and order dismissing the claim of the other plaintiff was filed thereby adjudicating all claims and making the prior judgment of 14 May 1965 final at that time.

The reason for Rule 54(b), op. cit., is to prevent piecemeal litigation, and where there are multiple parties or multiple claims in a law suit, one party may not appeal unless there is an express determination by the court that there is "no just reason for delay" and the court expressly directs an entry of judgment. In the instant case, we had two defendants and although the plaintiff had previously settled with the defendant Sabelko and Sabelko's insurance carrier, neither the court nor the defendant insurance carrier, State Farm, was made aware of this settlement. Plaintiff contends that the case having been settled that the default judgment was, in fact, a final judgment as to the defendant, Nolan Joseph Edler, at the time of the 14 May 1965 judgment because the other party to the suit had already settled the action. We do not agree with this contention. If there be any reliance upon the record neither the defendant, Nolan Joseph Edler, nor the intervenor, State Farm Mutual, should be required to rely upon information which was peculiarly within the knowledge of the defendant Sabelko and the plaintiff Edler and not part of the record. We hold that the judgment against the defendant Edler did not become final until the stipulation and order was filed, thereby determining the entire law suit.

It has been stated:

" * * * any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to *any* of the parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating the rights and liabilities of all the parties." Pegler v. Sullivan, 4 Ariz.App. 149, 150, 418 P.2d 395, 396 (1966).

The matter is reversed and remanded to the trial court with directions that it reconsider consistent with this opinion the motions of State Farm Mutual Automobile Insurance Company and the defendant Nolan Joseph Edler.

DONOFRIO, C. J., and E. R. THURMAN, Judge of the Superior Court, retired, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge E. R. THURMAN was called to sit in his stead and participate in the determination of this decision.