457 P.2d 743

**Leonard STEVENSON, Appellant,**

**v.**

**Frank Parra CELAYA, Appellee.**

**No. I CA–CIV 682.**

Court of Appeals of Arizona.

Aug. 5, 1969.

Harold Goldman, Phoenix, for appellant.

Snell & Wilmer, by H. William Fox, Phoenix, for appellee.

HATHAWAY, Judge.

The plaintiff below, Leonard Stevenson, appeals from an order of the superior court granting the motion of defendant Frank Parra Celaya to set aside judgment and entry of default.

Plaintiff instituted an action against Celaya, Does I through X, and Roe Corporations I through V, to recover damages for personal injuries sustained as a result of an automobile accident involving his truck and one being driven by defendant Celaya. Personal service on Celaya was made March 23, 1966. In his complaint the plaintiff alleged:

\*  \*  \*  \*  \*  \*

"That on or about the 22nd day of December, 1965, the Defendant, Frank Parra Celaya, who was then and there employed by and acting within the course and scope of his employment with Roe Corporation I  \*  \*  \*."

\*  \*  \*  \*  \*  \*

It was established that Southwest Solvents is the true name of Roe Corporation I. The pleadings were never amended to allege the true names of the fictitious defendants and no service was had on anyone other than Celaya. Default was entered June 2, 1966, and judgment in favor of the plaintiff and against the defendant Celaya was entered October 24, 1966. On April 24, 1967, defendant Celaya moved to set aside the judgment and entry of default, which was granted.

The defendant states the vacating of the judgment and entry of default was not an appealable final judgment under Rule 54(b), A.R.C.P., 16 A.R.S., which states:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

No determination and direction as prescribed in Rule 54(b) was made in granting the default judgment to the plaintiff against defendant Celaya. The question arises then, are fictitious defendants named in the complaint but never served considered as multiple parties involved? If so, the plaintiff-appellant does not have appellate standing since the default judgment would not be final but only interlocutory.

The plaintiff contends that the court has no jurisdiction over a person designated as a fictitious defendant unless that person is served with process, Safeway Stores, Inc. v. Ramirez, 99 Ariz. 372, 409 P.2d 292 (1965), and since there was never any service on anyone but Celaya, the fictitious defendants are not to be considered as multiple parties involved in the action.

The Safeway Stores, Inc. v. Ramirez, case, supra, does not however stand for the

proposition that a court cannot gain jurisdiction over fictitious defendants, but only explains the manner in which service of process must be made to confer such jurisdiction. There remains the possibility that jurisdiction may be conferred upon the court over one or more of the fictitious defendants.

The case of Hardy v. Bankers Life & Casualty Co., 222 F.2d 827 (7th Cir.1955), is similar to the case before us. There, plaintiff filed a complaint against defendants from Illinois and Texas. The Texas defendants were not served. A summary judgment was granted to the Illinois defendants from which plaintiff appealed. The Court of Appeals held that the order appealed from was not a final judgment under Rule 54(b), Federal Rules of Civil Procedure. That Rule is the same as Arizona's Rule 54(b). The court in speaking of Rule 54(b) said on page 828:

> "We think the fact that the remaining four defendants are residents and citizens of Texas, and have not been served in the action, does not make inapplicable the rule of law hereinbefore quoted. The defendants, other than appellees, are still parties to this lawsuit. Service may still be had on some or all of them. This Court is without jurisdiction to entertain plaintiff's motion to dismiss as to them. In fact, we can take no action whatever except to grant the motion to dismiss the appeal."

See also the similar case of Lohr v. United States, 264 F.2d 619 (5th Cir.1959).

We do not believe that such a rule works a hardship upon the plaintiff. It does not deny him a final judgment, but merely requires that the rights and liabilities of all the defendants be adjudicated or the court make the appropriate determination and direction.

At least the defendant's employer is also involved in this action, and as the lower court failed to make the required determination that there is no just reason for delay and direction for entry of judgment, the default judgment is interlocutory and

was subject to later revision at the court's discretion. Cassell v. Michaux, 99 U.S. App.D.C. 375, 240 F.2d 406 (1956); Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961).

The appeal is dismissed.

MOLLOY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.