543 P.2d 120

**Filbert TERRAZAS and Eloise Terrazas, his wife, Petitioners,**

v.

**The SUPERIOR COURT of Arizona, COUNTY OF MARICOPA, DIVISION FIVE, the Honorable Kenneth C. Chatwin, Respondent;**

and

**C.I.T. CORPORATION, a New York Corporation, Respondent Real Party in Interest.**

**No. 12205.**

Supreme Court of Arizona, In Banc.

Nov. 24, 1975.

Daughton, Feinstein & Wilson by Allen L. Feinstein, Michael D. Hawkins, Phoenix, for petitioners.

Martori, Meyer, Hendricks & Victor by Kenneth R. Reed, William J. Maledon, Phoenix, for respondent real party in interest.

STRUCKMEYER, Vice Chief Justice.

Petitioners, Filbert and Eloise Terrazas, husband and wife, brought this special action seeking relief in three particulars; first, from an order of the trial court requiring petitioners to file a bond in the amount of a judgment with interest and costs before filing this special action; second, from the granting of a Rule 54(b) determination; and, third, from the granting of a summary judgment in favor of respondent, real party in interest, the C.I.T. Corporation.

Litigation between the petitioners and real parties in interest was commenced in the Superior Court by the C.I.T. Corporation against Terri-Flex Products, Inc. as the obligators on two promissory notes, against A.R.M., Inc., a corporation which assumed the obligations of Terri-Flex, and petitioners, who had personally guaranteed the two notes. The C.I.T. Corporation obtained a default judgment against Terri-Flex and abandoned its claim against A.R.M., Inc., apparently believing that A.R.M., Inc. was insolvent and defunct. C.I.T. also moved for summary judgment against petitioners. This motion was originally denied, but upon its renewal just prior to trial, was granted. Thereafter, petitioners' motion for reconsideration was denied.

Following the granting of C.I.T.'s motion, petitioners requested the trial court for a determination as to whether petitioners were surety on the principal obligations. This motion the trial court took under advisement on March 12, 1975, and it has not been ruled on to the present time. The immediate cause for this special action was the entrance of a direction under the provisions of Rule 54(b), Rules of Civil Procedure, that there was no just cause for delay and that judgment be entered in favor of C.I.T. and against petitioners.

The trial court clearly erred in entering a Rule 54(b) order prior to determination of suretyship. The summary judgment resolved only one facet of the issues in this litigation. The questions still remain as to who was liable to whom and for what amount. There were still at least the issues to be resolved as to whether A.R.M., Inc. had assumed the principal obligations and was therefore primarily liable to C.I.T., and whether a relationship of suretyship existed between petitioners and A.R.M., Inc.

A.R.S. § 12–1642 reads:

"A. When an action is brought against two or more defendants upon a contract, and one or more of the defendants are surety for the others, the surety may cause the issue of suretyship between the defendants to be tried and determined at any time *before the trial,* but such proceedings shall not delay the action of the plaintiff.

B. If the issue is determined in favor of the surety, the court shall order the sheriff to levy the execution *first upon the property of the principal* which is subject to execution and situate in the county in which the judgment was rendered before a levy is made upon the property of the surety * * *. The clerk shall make a memorandum of such order on the execution." (Emphasis supplied)

Rule 54(b) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*" (Emphasis supplied)

The purpose of Rule 54(b) is to provide a way for determining whether a judgment which would not otherwise appear to be final is final for appeal purposes, *Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 365 P.2d 208 (1961), and is to prevent piecemeal litigation where there

are multiple parties or multiple claims, *Edler v. Edler,* 9 Ariz.App. 140, 449 P.2d 977 (1969). In the instant case, however, the trial court by directing an order that there was no just cause for delay prior to the determination of the issue of suretyship deprived petitioners of their right to have a determination as to whether execution should be first had upon the property of A.R.M., Inc. The issue of suretyship should have been determined prior to the entrance of the partial summary judgment.

■ Moreover, the trial court was wholly without jurisdiction to order that a bond be filed by petitioners prior to or at the same time that petitioner invoked the jurisdiction of this court. The Supreme Court has, by Article 6, § 5, subsec. 4:

"Power to issue injunctions and writs of mandamus, review, prohibition, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction."

■ Revisory jurisdiction is wholly independent of appellate jurisdiction. Appellate jurisdiction of the Supreme Court is exercised pursuant to the authority specified in subsec. 3 of Art. 6, § 5.

The Superior Court cannot circumscribe the revisory jurisdiction of the Supreme Court by requiring a petitioner here to file a bond in the Superior Court or elsewhere as a prerequisite or condition to the exercise by the Supreme Court of its jurisdiction conferred by the Constitution.

We note the petitioners' argument that there were seven separate genuine issues of fact required to be resolved as part of the claim of C.I.T. against petitioners which precluded the entrance of summary judgment. We do not reach these questions since they are inappropriate for determination and should be left to be decided on direct appeal. Respondents' argument that this petition should be dismissed because petitioners have a plain, adequate and speedy remedy by way of appeal is applicable only to the foregoing questions.

The order of the court below directing the entry of final judgment upon the express determination that there was no just reason for delay being erroneous is set aside together with the partial final judgment. It is ordered that the court below proceed in a manner consistent with this decision.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.