652 P.2d 1377

**John McHAZLETT and Tri-Thi McHazlett, husband and wife, Plaintiffs/Appellants,**

v.

**OTIS ENGINEERING CORPORATION, a foreign corporation, Defendant/Appellee.**

No. 16083–PR.

Supreme Court of Arizona, In Banc.

Oct. 8, 1982.

Russo, Cox, Dickerson & Sylvester, P.C. by Karl MacOmber, Tucson, for plaintiffs/appellants.

Leonard Everett, P.C., Tucson, for defendant/appellee.

GORDON, Vice Chief Justice:

On March 23, 1978 petitioners John and Tri-Thi McHazlett filed suit against respondent Otis Engineering Corporation (Otis), two other named defendants, and five fictitious defendants designated as "John Does and Jane Does 1–5." Otis was the only defendant served with process. Petitioners undertook discovery, sending interrogatories to Otis and taking depositions of several Otis employees. Petitioners filed a motion to set and certificate of readiness in

which petitioners' counsel certified that the issues in the case had been joined and that the parties had completed, or would have had a reasonable opportunity to complete, pre-trial discovery prior to five days before the pre-trial conference. Petitioners made no attempt to serve any defendant other than Otis or to substitute real persons for the John and Jane Doe defendants.

On March 13, 1981 the trial court granted Otis' motion to dismiss for lack of personal jurisdiction, and on March 25, 1981 an order of dismissal was entered. The order of dismissal made no mention of the other named defendants or the fictitious defendants. Furthermore, it did not include a determination that there was no just reason for delay in entering the order or an express direction that the order be entered. Petitioners appealed the order to the Court of Appeals. On September 1, 1981 the Court of Appeals dismissed the appeal on the grounds that the notice of appeal was untimely and failed to comply with Rule 8(c) of the Arizona Rules of Civil Appellate Procedure. Petitioners did not seek review of that decision.

On October 19, 1981 the trial court, at petitioners' urging, issued a second order dismissing the claim against Otis for lack of personal jurisdiction. This second order included a determination that there was no just reason for delay in entering the order and directed that the order be entered. Petitioners appealed this order to the Court of Appeals. The Court of Appeals dismissed the second appeal holding that petitioners' first appeal had been taken from a final order and therefore petitioners are foreclosed from again seeking review. Accepting review pursuant to Ariz.Const. Art. 6, § 5(3) and Ariz.R.Civ.App.P. 23 we approve the dismissal of the appeal.

Rule 54(b) of the Arizona Rules of Civil Procedure [1] provides that in a case involving multiple parties an order or judgment

1. Rule 54(b) "*Judgment upon multiple claims or involving multiple parties.*

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim,

that adjudicates the rights of fewer than all the parties is not appealable unless the trial court determines that there is no just reason for delay and directs entry. *Snell v. McCarthy,* 130 Ariz. 315, 636 P.2d 93 (1981); *Dean v. Powell,* 111 Ariz. 219, 526 P.2d 1241 (1974). Petitioners argue that the instant case involves multiple defendants. Therefore the trial court's first order dismissing only the claim against Otis, was not appealable because it did not include a Rule 54(b) determination. Consequently, the Court of Appeals was without jurisdiction to hear the appeal from that order. Furthermore, petitioners argue, the trial court's second dismissal order which did contain a Rule 54(b) determination was the first appealable order in the case, and therefore the appeal from that order was properly before the Court of Appeals and should not have been dismissed.

The resolution of this case turns on the question of whether the unserved named defendants and the fictitious defendants are "parties" within the meaning of Rule 54(b). If not, the case does not involve multiple parties, Rule 54(b) is inapplicable, and the trial court's first dismissal order was appealable.

In *Stevenson v. Celaya,* 10 Ariz.App. 203, 457 P.2d 743 (1969), the Arizona Court of Appeals held that unserved fictitious defendants are "parties" for purposes of Rule 54(b). In contrast, several Federal Courts of Appeals construing Rule 54(b) of the Federal Rules of Civil Procedure, which is the same as Arizona's Rule 54(b), and several state courts construing similar rules have held that unserved "parties" are not "parties" within the rules. *See Leonhard v. United States,* 633 F.2d 599 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *United States v. Studi-*

*vant,* 529 F.2d 673 (3d Cir.1976); *Siegmund v. General Commodities Corp.,* 175 F.2d 952 (9th Cir.1949); *Tidewater Insurance Associates, Inc. v. Dryden Oil Company, Inc.,* 42 Md.App. 415, 401 A.2d 178 (Ct.Spec.App. 1979); *State For Use and Benefit of Moak v. Moore,* 373 So.2d 1011 (Miss.1979); *Rae v. All American Life and Casualty Co.,* 95 Nev. 920, 605 P.2d 196 (1979); *Gumpp v. Philadelphia Life Insurance Co.,* 562 S.W.2d 885 (Tex.Civ.App.1978). We believe these latter cases reflect the better view.

The purpose of Rule 54(b) in requiring a determination that there is no just reason for delay in entering judgment is to prevent piecemeal appeals. *Tarrazes v. Superior Court,* 112 Ariz. 434, 543 P.2d 120 (1975); *Edler v. Edler,* 9 Ariz.App. 140, 449 P.2d 977 (1969). To hold that the unserved defendants in the instant case are "parties" for purposes of the rule would in no way serve that purpose. In the three year period between the filing of petitioners' original complaint and the trial court's first order dismissing the claim against Otis, petitioners made no attempt to serve the other defendants or to substitute real persons for the fictitious defendants. All discovery conducted by petitioners was directed at Otis. It appears from the record that as of March 23, 1981 petitioners intended to proceed to trial in mid-April only against Otis. In light of these facts there is no reason to believe that there will be any adjudications in this case other than the one involving Otis. Consequently, holding that Otis is the only defendant for purposes of Rule 54(b) does not create a danger of piecemeal appeals. Accordingly, we hold that the unserved named defendants and the fictitious defendants in this case are not "parties" within the meaning of Rule 54(b) and therefore the trial court's first dismissal order was final and appealable. To the extent *Stevenson v. Celaya, supra,* is inconsistent, it is overruled.

or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision,

however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Because the trial court's first dismissal order was appealable, petitioners' first appeal was properly before the Court of Appeals. That court's decision in the matter became final and non-reviewable when petitioners failed to petition this Court for review. Furthermore, once petitioners' first appeal was perfected the trial court lost any jurisdiction to act in the case. *American Smelting & Refining Co. v. Arizona Air Pollution Control Hearing Board,* 113 Ariz. 243, 550 P.2d 621 (1976); *Burkhardt v. Burkhardt,* 109 Ariz. 419, 510 P.2d 735 (1973). As a result, the trial court lacked jurisdiction to enter its second dismissal order. If a lower court has no jurisdiction to issue an order an appeal from that order gives the appellate court no jurisdiction except to dismiss the appeal. *Rojas v. Kimble,* 89 Ariz. 276, 361 P.2d 403 (1961); *Ex Parte Coone,* 67 Ariz. 299, 195 P.2d 149 (1948). The Court of Appeals therefore properly dismissed petitioners' second appeal.

The order of the Court of Appeals dismissing petitioners' appeal is approved.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.