NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY-ERIC EMERSON, *Plaintiff/Appellant,*

*v.*

JEANETTE GARCIA and KAREN L. O'CONNOR, *Defendants/Appellees.*

No. 1 CA-CV 14-0854
FILED 10-6-2015

Appeal from the Superior Court in Maricopa County
No. CV2014-006807
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED**

COUNSEL

Anthony-Eric Emerson, Tucson
*Plaintiff/Appellant*

O'Connor & Campbell, P.C., Phoenix
By Lisa M. Hemann
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

---

**K E S S L E R**, Judge:

**¶1**　　　　Appellant, Anthony-Eric Emerson ("Emerson") appeals the trial court's order dismissing his complaint against Judge Jeannette Garcia ("Garcia") and Judge Karen L. O'Connor ("O'Connor") of the Maricopa County Superior Court (collectively, the "Defendants") for failure to state a claim upon which relief can be granted. For the following reasons, we affirm the trial court's ruling.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　Emerson is incarcerated at the Arizona Department of Corrections. Judges Garcia and O'Connor had presided over prior criminal proceedings in which Emerson was convicted of a number of felony offenses.[1] In his complaint against the Defendants, Emerson alleged that during two separate sentencing hearings on April 17, 2013, and March 28, 2014, Garcia and O'Connor, respectively, ordered deputy sheriffs to take his fingerprints "by any means necessary." Emerson argues that the Defendants thereby authorized the subsequent use of excessive force by deputy sheriffs to obtain his fingerprints, allegedly resulting in physical injuries and mental anguish for which Emerson seeks compensatory damages.

**¶3**　　　　Defendants moved to dismiss Emerson's complaint pursuant to Arizona Rule of Civil Procedure ("Ariz. R. Civ. P.") 12(b)(6) for failure to state a claim, invoking two separate grounds for dismissal. First,

---

[1] Emerson also named several John Does and other persons in the complaint. Since the other parties were not served or were named as John Does, we have jurisdiction despite the lack of any language certifying the appeal pursuant to Ariz. R. Civ. P. 54(b). *McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 532 (1982) (holding that naming John Does and failure to serve remaining named defendants does not require Rule 54(b) certification for judgment to be appealable).

Defendants argued that absolute judicial immunity precluded liability for the allegations set forth in Emerson's complaint. Second, Defendants argued that Emerson failed to file timely notices of claim in accordance with Arizona Revised Statutes ("A.R.S.") § 12-821.01.[2] Emerson opposed the motion to dismiss, arguing that judicial immunity was inapplicable because his claims were not based on actions taken by the Defendants in their judicial capacity; rather, Defendants' orders for Emerson's fingerprints to be taken constituted non-judicial acts. Moreover, Emerson alleged that his notices of claim were timely filed and attached to his response two notices of claim to the Maricopa County Board of Supervisors. The court granted Defendants' motion to dismiss on both the judicial immunity and the notice of claim arguments, certifying the judgment under Ariz. R. Civ. P. 54(c). Emerson timely appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1)(West 2015).

## ISSUES AND STANDARD OF REVIEW

**¶4**        While Emerson's opening brief is not a model of clarity, we understand him to be arguing that the trial court erred in granting the Defendants' motion to dismiss because: (1) the trial court was biased and failed to consider his pleadings and evidence in ruling on the motion to dismiss, including evidence showing that the Defendants' treatment of him was "of such a shocking nature that no reasonable man could have believed that it was constitutional"; (2) the Defendants fraudulently misrepresented facts which would have entitled Emerson to a default judgment; and (3) Defendants were not entitled to judicial immunity because their acts were of non-judicial character, constituted "clearly unconstitutional conduct," and because Emerson is a sovereign citizen not subject to the jurisdiction of the courts of the State of Arizona.

**¶5**        On review of a trial court's decision granting a motion to dismiss for failure to state a claim, we assume the truth of all adequately pled material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Lerner v. DMB Realty, LLC*, 234 Ariz. 397, 401, ¶ 10 (App. 2014) (internal citations omitted). Dismissal pursuant to Rule 12(b)(6) will be upheld if, as a matter of law, the plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

---

[2] We cite the current version of the applicable statute unless revisions material to this decision have occurred since the events in question.

**¶6**        We review orders dismissing a complaint pursuant to Ariz. R. Civ. P. 12(b) *de novo. Coleman v. City of Mesa,* 230 Ariz. 352, 355-56, ¶ 7 (2012). The existence of judicial immunity is a question of law which we review *de novo. Widoff v. Wiens*, 202 Ariz. 383, 385-86, ¶ 8 (App. 2002).

## DISCUSSION

**¶7**        We address only the issue of absolute judicial immunity because it is dispositive of Emerson's claims. Emerson argues that the Defendants are not protected by judicial immunity because (1) they were not acting in their judicial capacity when ordering Emerson's fingerprints to be taken; instead, such orders constituted non-judicial acts; (2) the giving of such orders rose to the level of "clearly unconstitutional conduct"; and (3) the courts lacked jurisdiction over him as a sovereign citizen.

**¶8**        Generally, a judge is absolutely immune from a suit for money damages. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). Specifically, the doctrine of absolute judicial immunity precludes civil liability in cases where judges are sued based on judicial acts taken within their subject matter jurisdiction, even when the judge is accused of acting maliciously or corruptly. *In re Alexander*, 232 Ariz. 1, 11, ¶ 41 (2013) (citing *Pierson,* 386 U.S. at 554). The public policy reasons for judicial immunity have been discussed in *Pierson*, 386 U.S. at 554, *Bradley v. Fisher*, 80 U.S. 335, 347-354 (1871), and *Grimm v. Arizona Board of Pardons and Paroles*, 115 Ariz. 260, 264-65 (1977). The primary reason for absolute judicial immunity from civil actions is "not . . . the protection or benefit of a malicious or corrupt judge, but . . . the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 U.S. at 554 (citations and internal quotation marks omitted).

**¶9**        A judge loses absolute immunity only in two situations. First, a judge is not immune from liability for non-judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). An act by a judge is "judicial" if the nature of the act constitutes a function normally performed by the judge in his or her adjudicative capacity. *Stump*, 435 U.S. at 362. *Cf. Forrester v. White,* 484 U.S. 219, 227-229 (1988) (holding that a decision by a state court judge to demote the plaintiff-appellant was an administrative act, and, therefore, judicial immunity did not apply); *Ex parte Virginia*, 100 U.S. 339, 348 (1880) (finding that jury selection is of administrative rather than judicial nature because "the duty of selecting jurors might as well have been committed to a private person as to one holding the office of a judge."). Second, a judge is not immune for actions, though judicial in nature, taken in clear absence of all

jurisdiction. *Stump*, 435 U.S. at 356-57. The scope of the judge's jurisdiction is construed broadly when the immunity of the judge is at issue. *Id.* at 356. For example, in *Mireles*, the Supreme Court held that a state court judge was immune from suit for allegedly ordering police officers to bring plaintiff before the judge by employing excessive force. *Mireles*, 502 U.S. at 10, 12. In so holding, the Court emphasized that a judge's order to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge. *Id.* at 12. Moreover, the Court explained that "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12-13 (quoting *Stump*, 435 U.S. at 356-57) (internal quotation marks omitted).

¶10        Here, the basis of the complaint is that Judge Garcia and Judge O'Connor ordered Emerson's fingerprints to be taken during sentencing hearings in their respective courtrooms, following Emerson's felony convictions. The act of ordering a defendant, who has been found guilty of a felony, to affix his fingerprints in connection with the pronouncement of the sentence is a function normally performed by a judge, and required by law. *See* Ariz. R. Crim. P. 26.10(b)(5) (providing that upon sentencing, the court "shall . . . permanently affix the defendant's right index fingerprint to the sentencing document or order."). Accordingly, both orders in question were judicial acts taken in the judges' official capacity. The fact that the orders were carried out with the assistance of deputy sheriffs does not transform them from judicial to executive, administrative or any other "non-judicial" character. *See Mireles*, 502 U.S. at 13. Consequently, Judge Garcia and Judge O'Connor are absolutely immune from liability in this case.

¶11        Emerson's argument that Defendants' orders or conduct during the hearings were "clearly unconstitutional" and of so "shocking nature that no reasonable man could have believed that they were constitutional" so as to warrant liability despite having acted in judicial capacity, does not fall within the two exceptions for judicial immunity. Moreover, Emerson did not raise this argument before the superior court. Therefore, we do not need to consider it. *See Quila v. Schafer's Estate*, 7 Ariz. App. 301, 302 (1968).

¶12        Emerson also argues that because he is a sovereign citizen, the Defendants had no jurisdiction over his person and thus were not entitled to judicial immunity. However, Emerson fails to cite legal authority supporting his proposition that he is not subject to the jurisdiction of the courts of the State of Arizona. The case law relied upon by Emerson does

not support his contentions. *See* Ariz. R. Civ. App. P. 13(a)(7). Accordingly, this argument has been waived and we will not address it. *See State v. Nirschel*, 155 Ariz. 206, 208 (1987) (emphasizing that each contention by the appellant must be supported by legal authority in the opening brief). *See also Cullum v. Cullum*, 215 Ariz. 352, 355 n.5 (App. 2007) (noting that appellate courts "will not consider arguments posited without authority.").

## CONCLUSION

¶13        Even assuming the truth of all well-pled material allegations in Emerson's complaint, and affording Emerson the benefit of all inferences which the complaint can reasonably support, he is not entitled to relief under any stated facts susceptible of proof. For the foregoing reasons, we affirm the superior court's dismissal of Emerson's complaint.[3]



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] While this appeal was pending, Emerson filed two motions for summary judgment in this Court, both of which we denied.  Emerson then filed a Motion for Reconsideration/Request for Signed Order with Explanation and a Motion for Clarification with Points and Authorities.  We deny those motions.