NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHANNON SIMPSON, *Plaintiff/Appellant,*

*v.*

BELL PLAZA 32, LLC, an Arizona limited liability company; ARCADIA
MANAGEMENT GROUP, INC., an Arizona corporation; JANICE C.
CORNIA, *Defendants/Appellees.*

BELL PLAZA 32, LLC, an Arizona Limited liability company,
*Counterclaimant/Third-Party Plaintiff,*

*v.*

SHANNON SIMPSON, a single woman,
*Counterdefendant/Third-Party Defendant.*

No. 1 CA-CV 16-0077
FILED 3-2-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-050171
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Shannon Simpson, Bakersfield, CA
*Plaintiff/Appellant*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Mark D. Zukowski, Lori L. Voepel, Joel W. Habberstad
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Maurice Portley joined.[1]

---

**T H U M M A**, Judge:

**¶1**        Plaintiff Shannon Simpson appeals from a final judgment in favor of defendant Bell Plaza 32, LLC, on Simpson's contract and conversion claims, Bell Plaza's counterclaim for unpaid rent and awarding Bell Plaza attorneys' fees and costs. Because Simpson has shown no error, the judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In August 2014, Simpson entered into a written lease with Bell Plaza in which she leased 900 square feet of space at a shopping center on West Bell Road in Phoenix. Simpson agreed to use the space "for an internet access and wi-fi facility for members of the public to access the internet and other related services."

**¶3**        In late November 2014, Bell Plaza's property manager and then its attorney sent Simpson written notice of nonmonetary defaults under the lease, giving her ten days to cure. By January 2015, Simpson had failed to cure to Bell Plaza's satisfaction; Bell Plaza then locked Simpson out of the property and placed a lien on her personal property located there. In April 2015, Simpson filed this case against Bell Plaza and its property

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

manager, alleging breach of contract and conversion. Bell Plaza answered and filed a counterclaim for breach of the lease.[2]

¶4 In July 2015, when Simpson did not timely respond to the counterclaim, Bell Plaza filed an application for entry of default. When Simpson failed to timely respond, default was entered. *See* Ariz. R. Civ. P. 55(a)(1)(2017).[3] In initially denying Bell Plaza's subsequent request for entry of default judgment, the superior court expressed concern that Simpson had abandoned her claim and ordered her to contact Bell Plaza to prepare a scheduling order. In doing so, the court warned that if she failed to comply with applicable rules, her complaint would "be stricken for a failure to prosecute and a default judgment will be granted against her on the [c]ounterclaim." Simpson then belatedly filed a reply to the counterclaim, and the parties submitted a proposed scheduling order.

¶5 A few months later, Bell Plaza filed a motion to compel and for sanctions, alleging Simpson failed to provide an initial disclosure statement pursuant to Arizona Rule of Civil Procedure 26.1, failed to timely respond to written discovery and failed to appear for her deposition. When Simpson failed to timely respond to those motions, Bell Plaza asked that her failure be deemed consent to the granting of the motions and that they be summarily granted. *See* Ariz. R. Civ. P. 7.1(b). Granting the motions for summary disposition, to compel and for sanctions, the superior court dismissed Simpson's claims with prejudice, entered judgment by default in favor of Bell Plaza and against Simpson on the counterclaims and awarded Bell Plaza attorneys' fees and costs. The superior court entered a final appealable judgment. This court has jurisdiction over Simpson's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶6 Simpson argues the superior court erred because: (1) the failure to respond to a dispositive motion cannot, without more, result in

---

[2] Although Bell Plaza filed a third party complaint against another individual, because the record indicates that individual was not served, that individual is not a party to this appeal. *See McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 532 (1982) (holding unserved individuals are not "parties" for purposes of entry of final judgment and appellate jurisdiction).

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

the granting of such a motion; (2) the failure to appear for a deposition cannot constitute a failure to prosecute and (3) absent an order compelling a party to appear at deposition, an action may not be dismissed for failing to cooperate in discovery.

¶7 Simpson first argues the superior court improperly granted a dispositive motion based solely on her failure to respond under Arizona Rule Civil Procedure 7.1(b), contrary to *Schwab v. Ames Constr.*, 207 Ariz. 56 (App. 2004). Bell Plaza, however, did not move for summary judgment, meaning *Schwab* does not apply. And as determined by this court after *Schwab*, where a party "failed to file a timely response to [a] motion to dismiss, the court had the power to grant the motion for that reason alone." *Strategic Dev. & Constr. Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65 ¶ 17 (App. 2010). Here, the superior court summarily granted motions to compel and for sanctions after Simpson (1) failed to timely respond and (2) had been warned of the need to comply with applicable rules or face such consequences. On this record, Simpson has not shown the court abused its discretion in summarily granting Bell Plaza's motion to compel and for sanctions. *Id.*

¶8 Simpson next argues the superior court improperly dismissed her case solely because of her failure to appear at her deposition. The court, however, granted Bell Plaza's motions after a series of failures by Simpson, including (1) a failure to respond to Bell Plaza's counterclaim; (2) an apparent abandonment of her claims; (3) a claimed failure to timely provide Rule 26.1 initial disclosure; (4) a claimed failure to timely respond to written discovery; (5) a failure to appear for her deposition and (6) a failure to respond to motions to compel and for sanctions. On this record, the factual predicate for Simpson's argument (that dismissal was based only on her failure to appear at her deposition) is unsupported. Nor has Simpson shown any requirement for an evidentiary hearing, given that she had been warned of the need to comply with court rules, that she has been self-represented throughout the case (meaning there is no question that she, as opposed to an attorney, is responsible for her failures) and there is no proffer of what such an evidentiary hearing would reveal. On this record, Simpson has shown no abuse of discretion in the court's rulings. *See Estate of Lewis v. Lewis*, 229 Ariz. 316, 324 ¶ 19 (App. 2012).

¶9 Finally, Simpson argues that, absent an order compelling her to appear for deposition, the superior court erred in issuing its rulings. By rule, however, the court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for his or her deposition." Ariz. R. Civ. P. 37(f)(1)(A)(i). Thus, the court was not required

to order Simpson to appear for her deposition before imposing consequences when she failed to do so.

¶10     On this record, given Simpson's demonstrated failures to comply with the applicable rules (including repeated failures to timely respond to filings) and given the court's warning and direction that she do so, Simpson has not shown the court abused its discretion in entering its rulings. *See, e.g.*, *Estate of Lewis*, 229 Ariz. at 324 ¶ 19; *Strategic Dev. & Constr. Inc.*, 224 Ariz. at 65 ¶ 17.[4]

¶11     Bell Plaza seeks an award of attorneys' fees and costs on appeal pursuant to the lease (provision 12.5) and A.R.S. § 12-341.01. Because Bell Plaza is the prevailing party under provision 12.5, it is granted reasonable attorneys' fees incurred on appeal, along with taxable costs on appeal, contingent upon Bell Plaza's compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶12     The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4] Given that the judgment is affirmed, this court need not address Bell Plaza's argument that the superior court's award of attorneys' fees and costs should be summarily affirmed on other grounds.