NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

GORDANA MIKALACKI,
*Petitioner/Appellee,*

*v.*

DRAGAN RUBEZIC,
*Respondent/Appellant.*

No. 1 CA-CV 25-0233 FC

FILED 10-28-2025

Appeal from the Superior Court in Maricopa County
No.  FC2019-005762
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

D. John Rubezic, Mesa
*Respondent/Appellant*

Jaburg & Wilk, Phoenix
By Kathi M. Sandweiss, Laurence B. Hirsch
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

**¶1**        Dragan Rubezic (Husband) appeals the superior court's denial of several motions he filed more than three years after the entry of the decree of dissolution of his marriage to Gordana Mikalacki (Wife). Because he has shown no error, the superior court's orders are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Husband and Wife have two minor children and were the sole members of the Rubezic Law Group. In 2019, Wife petitioned to dissolve the marriage. After significant litigation, a March 2021 decree dissolved the marriage. The decree awarded Husband the law firm, ordering him to pay Wife one-half of the firm's equity; awarded Wife the commercial property, directing her to pay Husband one-half the property's equity and to refinance or, to sell it if she were unable to refinance; and awarded Wife attorneys' fees and costs. Husband appealed.

**¶3**        On appeal, Husband argued the superior court improperly valued the law firm based on evidence from Wife's expert, and erred in awarding Wife fees. *Mikalacki v. Rubezic*, 1 CA-CV 21-0483 FC, 2022 WL 10219850, at *6-8 ¶¶ 32-41, at *9 ¶¶ 48-52 (Ariz. App. Oct. 18, 2022) (memorandum decision). This court affirmed, concluding that Wife's expert "provided a reasonable basis for calculating the value of the firm and Husband had a full opportunity to challenge" that evidence at trial. *Id.* at *8 ¶ 41. This court also noted that the superior court adopted Wife's experts' "calculation of value and found Husband's contradictory testimony regarding valuation not credible." *Id.* This court also affirmed the fee award, rejecting Husband's argument that his "pattern of noncompliance with the disclosure rules did not justify an overarching award of all attorney's fees incurred by Wife throughout the litigation." *Id.* at *9 ¶¶ 51-52.

¶4            In June 2024, Husband filed several motions largely targeting the March 2021 decree that had been affirmed on appeal. Husband: (1) moved to vacate the valuation of the law firm based on newly discovered evidence; (2) moved to vacate the award of fees to Wife based on newly discovered evidence; (3) moved for contempt and to appoint a special master to sell a jointly owned commercial building; and (4) sought an award of attorneys' fees and costs. Wife moved to dismiss Husband's petitions and responded to his petition for contempt and for appointment of a special master.

¶5            After full briefing, at a July 2024 hearing, the superior court granted Wife's motions to dismiss Husband's motions (1) to vacate the valuation of the law firm and (2) to vacate the fee award. The court concluded Husband "fail[ed] to identify any valid legal or factual basis" to vacate those rulings, "or for the Court to grant any relief from the" March 2021 decree. The court also denied Husband's request for fees and costs as "entirely inconsistent" with his unreasonable actions during the proceedings. In August 2024, the superior court granted Wife's motion to dismiss Husband's petition for contempt and to appoint a special master. The court found the issues Husband sought to raise were precluded by this court's decision affirming the March 2021 decree.

¶6            Husband filed a timely notice of appeal, challenging these rulings. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(1) (2025).[1]

## DISCUSSION

### I.       Husband Has Waived Any Arguments He May Have Sought to Raise on Appeal.

¶7            As Wife notes, Husband's briefs do not comply with applicable rules. They do not include "appropriate references to the record," ARCAP 13(a)(4), state the basis for this court's jurisdiction, ARCAP 13(a)(4), nor do they cite legal authorities upon which he relies in claiming error, ARCAP 13(a)(7)(A). By ignoring these requirements, Husband has waived any arguments he may have wished to present. *See, e.g.*, *In re Aubuchon*, 233 Ariz. 62, 64-65 ¶ 6 (2013); *Polanco v. Indus. Comm'n*, 214 Ariz.

---

[1] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

489, 491 ¶ 6 n.2 (App. 2007); *Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137 ¶ 7 n.2 (App. 2011).

## II.    Husband Has Failed to Show the Superior Court Erred.

**¶8**        Husband argues that the superior court erred in failing to grant his motions to vacate the law firm valuation and the award of fees to Wife, also arguing the superior court should have granted his motion for contempt and appointment of a special master and should have awarded him fees. Waiver notwithstanding, Husband has shown no error.

### A.    Husband Has Shown No Error In The Superior Court Denying His Request For Relief from the Law Firm's Valuation in the Decree.

**¶9**        Husband contends that the "passage of time" since the valuation of the law firm by Wife's expert, given later changes, is "newly discovered evidence" justifying the court vacating the valuation for the firm in the decree. This court reviews the rulings on Husband's motions – filed under Arizona Rules of Family Law Procedure 83(c) and 85(c) – for an abuse of discretion. *See Stock v. Stock*, 250 Ariz. 352, 354 ¶ 5 (App. 2020); *Clark v. Kreamer*, 243 Ariz. 272, 275 ¶ 10 (App. 2017).

**¶10**        A motion to alter or amend a decree under Rule 83 must be filed within "25 days after the entry of judgment under Rule 78(b) or (c)." Ariz. R. Fam. Law P. 83(c)(1) (ARFLP). There was no extension of that deadline under Rule 4(b)(2). *Id.* An untimely motion to alter or amend cannot be granted because the court lacks jurisdiction to do so. *See In re Marriage of Dougall*, 234 Ariz. 2, 5 ¶ 7 (App. 2013). Appeals of an order where the superior court lacks jurisdiction to issue an order "gives the appellate court no jurisdiction except to dismiss the appeal." *McHazlett v. Otis Eng'g Corp.*, 133 Ariz. 530, 533 (1982) (citation omitted).

**¶11**        A motion for relief from a decree under Rule 85 based on "newly discovered evidence" "must be made within a reasonable time," but "no more than 6 months after the entry of judgment." ARFLP 85(c)(1). There was no extension of that deadline under Rule 4(b)(2). *Id.* An untimely motion for relief on that ground cannot be granted and gives the appellate court no jurisdiction to hear the appeal. *See Duckstein v. Wolf*, 230 Ariz. 227, 231-32 ¶ 9 (App. 2012) (husband's ten-month delayed motion to vacate a default decree can only be heard on appeal if the decree was void or if wife committed fraud, otherwise the six-month and reasonableness time limits apply to the motion).

**¶12**       Here, Husband petitioned to vacate the law firm valuation in June 2024, arguing that the subsequent outcome of a case used by Wife's expert in his valuation made the valuation false. The decree valuing the law firm, which adopted this valuation, was entered in March 2021. Husband's challenge was filed more than three years after entry of the decree, an untimely filing for either a Rule 83 or 85 motion.

**¶13**       Notwithstanding the six-month deadline, and the need to make such a filing "within a reasonable time," Husband knew of the outcome of this case – the purported "new evidence" – for 20 months before making his filing challenging the valuation. Husband has not shown how such a delay was reasonable.

**¶14**       In addition, the purported "new evidence" Husband cited was based on events that occurred after the entry of the decree in March 2021 (i.e., that the contingency required to earn fees in a contingency fee agreement would be met sometime after the March 2021 decree). To be "newly discovered evidence" supporting such relief, the evidence must have also been in existence at the time of the decree. *See Birt v. Birt*, 208 Ariz. 546, 549 ¶ 11 (App. 2004). Husband could not make such a showing based on the purported "new evidence" he relied upon. And by definition, the value of the law firm at the time of the entry of the decree had to quantify future events with uncertain outcomes. Husband showed no error in that approach in the prior appeal. And a petition for relief cannot be used "merely because [Husband] is unhappy with the result" of the decree. *State v. Brown*, 9 Ariz. App. 323, 325 (1969).

**¶15**       For all of these reasons, Husband has shown no error in the denial of his request to vacate the valuation of the law firm contained in the decree. *See* ARFLP 83(c)(1) & 85(c)(1); *McHazlett*, 133 Ariz. at 533; *Duckstein*, 230 Ariz. at 231-32 ¶ 9.

> **B.      Husband Has Shown No Error in the Denial of His Motion to Vacate the Decree's Award of Fees to Wife.**

**¶16**       Husband claimed "newly discovered evidence," in the form of Wife filing a malpractice claim against her former attorneys in the divorce proceeding, requiring the court to vacate the decree's award of fees to Wife. This court reviews a ruling under ARFLP 83(c) and 85(c) – the basis of Husband's motion – for an abuse of discretion. *See Stock*, 250 Ariz. at 354 ¶ 5; *Kreamer*, 243 Ariz. at 275 ¶ 10.

**¶17**         As with his challenges to the valuation of the law firm discussed above, his June 2024 petition seeking to vacate the March 2021 decree's award of fees to Wife was untimely, and Husband made no attempt to show how his more than three-year delay was reasonable. Finally, Husband did not show (and could not have shown) that this evidence existed at the time of the decree. To the contrary, Wife filed her malpractice suit in November 2023, 32 months after the entry of the decree.

**¶18**         For all of these reasons, Husband has shown no error in the denial of his request to vacate the valuation of the law firm contained in the decree. *See* ARFLP 83(c)(1) & 85(c)(1); *McHazlett*, 133 Ariz. at 533; *Duckstein*, 230 Ariz. at 231-32 ¶ 9.[2]

### C.     The Superior Court Properly Denied Husband's Petition for Attorneys' Fees.

**¶19**         Husband challenges the superior court's denial of his petition for attorneys' fees. Husband sought fees under A.R.S. § 12-341.01. That statute, however, provides a basis for a fee award for successful parties in actions arising out of a contract. *See* A.R.S. § 12-341.01(A). Husband has shown no authority that § 12-341.01 applies to divorce proceedings, including post-decree proceedings like those here. The superior court properly denied Husband's petition for attorneys' fees.

### III.    Husband's Appeal of the Denial of His Petition for Contempt and Appointment of a Special Master Provides No Basis for Reversal.

**¶20**         Husband argues the superior court erred in dismissing his petition for contempt and request to appoint a special master. Husband argues that Wife's post-decree motions resolved in the prior appeal caused "unnecessary and avoidable delay" and that he "was required to expend considerable legal fees defending against Wife's vexatious litigation,"

---

[2] As Wife notes, Husband's challenges to the valuation of the law firm and the award of fees to Wife also are barred by claim preclusion, particularly given that these aspects of the decree were affirmed in the prior appeal. *See In re Gen. Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69-70 ¶ 14 (2006) ("The defense of claim preclusion has three elements: (1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits.") (citation omitted).

consisting of motions that she filed "that were ultimately reversed" in the prior appeal. Husband's arguments fail for at least three reasons.

**¶21** First, to the extent he seeks to appeal from a ruling on a request for a contempt finding, this court lacks appellate jurisdiction to address those arguments. *See Stoddard v. Donahoe*, 224 Ariz. 152, 154 ¶ 7 (App. 2010).

**¶22** Second, to the extent that he seeks an award of fees incurred leading up to the prior appeal, this court resolved that request against him in the prior appeal. *See Mikalacki*, 1 CA-CV 21-0483 FC, at *12 ¶ 65 (in awarding Wife fees in the prior appeal, the court noted that "Husband, on the other hand, has been unreasonable," including violating applicable rules of procedure and making arguments "contrary to applicable statutes and court rules or [that] misconstrue the record"). Those arguments have been resolved previously and cannot be raised again here. *In re Gila River Sys. & Source*, 212 Ariz. at 69 ¶ 14.

**¶23** Third, other than quoting A.R.S. § 25-324(A)-(C) in its entirety, Husband does not develop his argument that the superior court erred in denying this petition. Accordingly, he has waived any challenge to the ruling. *See Boswell v. Fintelmann*, 242 Ariz. 52, 54 ¶ 7 n.3 (App. 2017) (failure to develop and support conclusory arguments results in waiver).

## IV. Husband and Wife's Requests for Attorneys' Fees on Appeal.

**¶24** Husband and Wife have each requested an award of attorneys' fees and costs on appeal. Husband cites ARCAP 21, which is not a proper basis for a fee award. *See* ARCAP 21(a)(2) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees. If a party fails to comply with this requirement, the appellate court may decline to award fees on that basis."). Accordingly, and also recognizing that Husband appears as a self-represented litigant, his request is denied.

**¶25** Wife seeks fees under A.R.S. § 25-324(A). After considering the reasonableness of the parties' positions on appeal and their respective financial positions, the court awards Wife her reasonable attorneys' fees and taxable costs incurred on appeal, contingent upon her compliance with ARCAP 21.

## CONCLUSION

¶26          The superior court's rulings are affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR