IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| LEON ULAN and SYLVIA ULAN, as co-trustees of the LEON & SYLVIA ULAN REVOCABLE TRUST; THE ULAN FAMILY LIMITED PARTNERSHIP, L.L.P.; OLD PUEBLO TAX INVESTORS, a general partnership; LEON ULAN d/b/a CITY TRUST; CITY TRUST TAX LIEN PARTNERS, a general partnership; DEBORAH ULAN and TODD WEINSTEIN; PAUL ULAN or GAIL ULAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) | 2 CA-CV 2005-0069 DEPARTMENT B  O P I N I O N |
| Plaintiffs/Appellants, | ) ) | |
| v. | ) ) | |
| PIMA COUNTY BOARD OF SUPERVISORS; BETH FORD, PIMA COUNTY TREASURER, | ) ) ) ) | |
| Defendants/Appellants. | ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20043212

Honorable Jane L. Eikleberry, Judge

AFFIRMED

McNamara, Goldsmith, Jackson & Macdonald, P.C.
  By Eugene N. Goldsmith                                                       Tucson
                                                     Attorneys for Plaintiffs/Appellants

Barbara LaWall, Pima County Attorney
  By Terri A. Roberts                                                         Tucson
                                                     Attorneys for Defendants/Appellees

E S P I N O S A, Judge.

¶1        Appellants Leon and Sylvia Ulan, co-trustees of the Leon & Sylvia Ulan Revocable Trust; the Ulan Family Limited Partnership, L.L.P.; Old Pueblo Tax Investors; Leon Ulan, d/b/a, City Trust Tax Lien Partners; Todd Weinstein; and Deborah, Paul, and Gail Ulan (collectively, the "Ulans"), appeal from the trial court's denial of their motion for partial summary judgment and its dismissal of their complaint. Finding no error, we affirm.

## Facts and Procedural Background

¶2        The pertinent facts are straightforward and undisputed. The Ulans, individuals and entities in the business of purchasing delinquent property tax liens, were issued certificates of purchase pursuant to A.R.S. § 42-18118 by the Pima County Treasurer for tax liens they bought during the month of February 2003. Sections 42-18114 and 42-18153, A.R.S., permit tax lien purchasers to charge a redeeming property owner interest on the amount paid by the purchaser. Instead of calculating the interest from February 1, as the Ulans had requested, the treasurer did so beginning March 1, effectively barring the Ulans from collecting interest on the amounts they paid on the tax liens for any time in February. The Ulans sued Pima County, asserting the treasurer was illegally calculating the interest owed on the liens and seeking declaratory relief and damages. The Ulans then moved for partial summary judgment, claiming the County's method of calculating the interest violated

2

the Arizona statutes. The trial court denied the motion and dismissed the Ulans' complaint, finding the issue of damages had become moot.[1] This appeal followed.

**Calculation of Property Tax Lien Interest**

¶3        The Ulans contend the trial court erred in interpreting the statutes on the method of calculating interest on tax lien certificates.[2] We review the interpretation of statutes *de novo*. *Pinal Vista Props., L.L.C. v. Turnbull*, 208 Ariz. 188, ¶ 6, 91 P.3d 1031, 1033 (App. 2004).

¶4        A county may sell its property tax liens in February, A.R.S. § 42-18112, to anyone who proposes to charge the lowest rate of interest should the property owner redeem the property, A.R.S. § 42-18114. The latter statute provides that a property tax lien shall be sold to the bidder who pays the delinquent taxes, interest, and penalties due and "who in addition offers to accept the lowest rate of interest on the amount so paid to redeem the property from the sale, which may not exceed the rate prescribed by, and computed pursuant to, § 42-18053." Section 42-18053(A), A.R.S., provides: "[A]ll taxes bear interest from the time of delinquency at the rate of sixteen per cent per year simple until paid. A fraction of a month is counted as a whole month." A successful bidder receives a certificate of purchase, A.R.S. § 42-18118, and may charge interest on the amount the bidder paid to

---

[1]The record on appeal contains nothing further about the procedural posture of the case.

[2]The Ulans also sought damages in connection with the reimbursement for subsequent taxes they paid under A.R.S. § 42-18121. Because the same method of calculating interest on the certificates applies to the interest chargeable on subsequent taxes, we do not separately analyze this issue.

3

obtain the lien. At the time the lien is sold to the purchaser, the treasurer adds to the lien interest for the month during which the sale takes place, usually February, at the rate of sixteen percent on the delinquent taxes. A property owner wishing to redeem a tax lien must pay this interest and any additional fees to the County, which, in turn, reimburses the certificate holder. *See* A.R.S. §§ 42-18153 and 42-18155.

¶5        The Ulans argue that, under "the plain language of the statutes," the interest they, as successful bidders, are entitled to charge begins to accrue in the month of a tax sale and that, because "a fraction of a month is counted as a whole month," § 42-18053, the trial court erred in finding they were not owed interest for the entire month of February on the amount they paid to purchase the lien.[3] The County responds that § 42-18114 does not address when a certificate holder's interest begins to accrue and maintains that, were we to interpret the statute as the Ulans urge, lien purchasers such as them would collect interest for a time when they did not hold a certificate of purchase. Additionally, the County asserts that, under the Ulans' interpretation, a property owner could potentially pay more than the sixteen percent simple interest cap § 42-18053 establishes, a point the Ulans did not contest below and concede on appeal. The Ulans reply, however, that the statutory cap applies only to what a certificate holder may charge—not to what a redeeming property owner may be required to pay. Thus, the Ulans conclude that the sixteen percent limit does not preclude interest on the amount they paid the County from accruing beginning February 1.

---

[3]The Ulans have not claimed or argued they are entitled to partial-month interest for any time they had owned the tax liens in February and we therefore do not consider that issue.

4

**¶6** We agree with the County, and the trial court's implicit finding, that § 42-18114 is unclear as to when interest begins to accrue on a purchase certificate. We therefore look to the general statutory scheme to determine that issue, reading the related statutes in *pari materia* and not construing any provision as negating the purpose of the other provisions or the intent of the legislature. *See Pinal Vista Props.*, 208 Ariz. 188, ¶ 10, 91 P.3d at 1033. Pursuant to the requirement of § 42-18053 that a partial month be counted as a whole month, at the time of the tax lien sale the County had calculated and charged interest for the entire month of February. Under § 42-18114, the total interest a certificate holder may charge on a tax lien must be computed pursuant to § 42-18053(A), which states "*all* taxes bear interest from the time of delinquency at the rate of sixteen percent" and effectively limits what a redeeming property owner may be required to pay. (Emphasis added). Thus, if the lien purchaser's interest were calculated from February 1, when added to the interest already charged it could require a property owner to pay more than a sixteen percent interest rate to redeem the lien, a result the County contends would contravene § 42-18053 and the legislative intent evidenced in § 42-18114.

**¶7** The Ulans maintain, however, that their interpretation of the statute would not offend the statutory scheme because the legislature did not intend to abrogate the February 1 accrual date that existed in the predecessor statute to § 42-18114, A.R.S. § 42-393.[4] *See*

_____

[4]Section 42-393 provided: "[The property tax lien] shall be sold to the person who . . . offers to accept the lowest rate of interest upon the amount so paid in order to redeem the property from the sale which shall not exceed the rate of sixteen percent per year simple from February 1 until redeemed." 1990 Ariz. Sess. Laws, ch. 243, § 2.

1990 Ariz. Sess. Laws, ch. 243, § 2. "Our goal in construing a statute is to discern and give effect to the intent of the legislature." *In re Paul M.*, 198 Ariz. 122, ¶ 4, 7 P.3d 131, 133 (App. 2000). "Toward that end, 'we consider the statute's context; its language, subject matter, and historical background; its effects and consequences; and its spirit and purpose.'" *Id., quoting Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). "'Legislative intent often can be discovered by examining the development of a particular statute.'" *Paul M.*, 198 Ariz. 122, ¶ 4, 7 P.3d at 133, *quoting Carrow Co. v. Lusby*, 167 Ariz. 18, 20, 804 P.2d 747, 749 (1990); *see also State v. Takacs*, 169 Ariz. 392, 395, 819 P.2d 978, 981 (1991).

¶8        The Ulans characterize the amendment of the statute as a "reorganiz[ation] . . . utiliz[ing] cross-references to achieve the same result." But, in enacting the current statute, the legislature removed the provision that a lien purchaser may calculate interest from February 1. § 42-18114. "When the legislature changes the statutory language in such substance as this, it is presumed that the legislature intended to make a change in existing law." *Pace v. Hanson*, 6 Ariz. App. 88, 92, 430 P.2d 434, 438 (1967). Moreover, as noted earlier, the Ulans' interpretation could require a redeeming property owner to pay interest twice, that is, to both the County and the lien purchaser, for the month of February, which would effectively impose a compounded interest rate as opposed to the simple interest mandated by § 42-18053. Furthermore, that interpretation would also allow a lien purchaser to collect interest for a time when it had not yet purchased the lien and, accordingly, did not own the certificate of purchase and had no right to charge interest. The Ulans have directed

6

us to no authority or evidence suggesting the legislature intended any of these consequences when it amended the statute, and we have found none.

**¶9** In view of the legislature's decision to eliminate from § 42-18114 the February 1 start date for calculating interest a redeeming property owner must pay, we cannot agree with the Ulans that the legislature nonetheless intended to preserve this aspect of the former statute to the potential detriment of redeeming property owners. *See Paul M.*, 198 Ariz. 122, ¶ 4, 7 P.3d at 133; *see also Pace*, 6 Ariz. App. at 92, 430 P.2d at 438. To the contrary, because tax liens must be sold to the bidder offering to accept the lowest interest rate, § 42-18114, it appears from reading this provision together with the interest cap in § 42-18053 that the legislature intended to provide a measure of protection to redeeming owners. The Ulans' interpretation would potentially subvert that intent. Accordingly, we find no error in the trial court's ruling denying the Ulans additional interest payments.

### Disposition

**¶10** The trial court's dismissal of the Ulans' complaint is affirmed.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge

7