289 P.3d 12

**In re the Marriage of Jenifer GLOVER, Petitioner/Appellant,**

**v.**

**Terrance A. GLOVER, Respondent/Appellee.**

**No. 1 CA–CV 11–0716.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 13, 2012.

Katz & Bloom, P.L.C. By Norman M. Katz, Jay R. Bloom, Phoenix, Attorneys for Petitioner/Appellant.

Kielsky Rike PLLC By Michael Kielsky, Scottsdale, Attorneys for Respondent/Appellee.

Thomas C. Horne, Attorney General By Jamie R. Heller, Assistant Attorney General, Phoenix, Attorneys for Amicus Curiae State of Arizona.

## OPINION

TIMMER, Presiding Judge.

¶ 1 This appeal presents our first opportunity to decide whether a party must register a foreign child support order in compliance with Arizona's version of the Uniform Interstate Family Support Act, Arizona Revised Statutes ("A.R.S.") sections 25–1201 to –1342 (West 2012),[1] to confer subject matter jurisdiction on an Arizona court to modify the order. For the reasons that follow, we hold that compliance with the registration requirements is necessary to confer subject matter jurisdiction on the court. Because no

party registered the foreign child support order at issue in this case, the superior court lacked jurisdiction to modify the order and the court's order purporting to do so is void. Because a void order or judgment cannot support an appeal, we dismiss the appeal and instruct the court to vacate the order.

## BACKGROUND

¶ 2 Jenifer Glover ("Mother") and Terrance A. Glover ("Father") married in 1992, and their son ("Son") was born five years later. Mother subsequently petitioned for divorce in a Massachusetts court. While the petition was pending, the parties entered in a written separation agreement addressing, among other things, child support, parenting time, and other matters related to Son's upbringing.

¶ 3 The Massachusetts court issued a judgment of divorce nisi on October 5, 2000, which became absolute on January 5, 2001 (the "Massachusetts judgment" or "the judgment").[2] The court required the parties to comply with the separation agreement, incorporated the agreement by reference into the judgment, and explicitly merged the "child related provisions" into the judgment.

¶ 4 Father, Mother, and Son moved to Arizona. On January 23, 2006, Father filed a certified copy of the Massachusetts judgment in the superior court in Maricopa County and simultaneously petitioned to modify the judgment by, among other things, increasing his parenting time and adjusting his child support obligation in accordance with the Arizona Child Support Guidelines. Mother responded by asking the court to deny the petition, order Father to comply with the Massachusetts judgment, and order Father to pay approximately $6,000 in child support arrearages.

¶ 5 The parties then entered in an agreement pursuant to Arizona Rule of Family Law Procedure ("Rule") 69 and orally placed

---

1.  Absent material revisions after the relevant date, we cite a statute's current version.

2.  Under Massachusetts law, a court granting a divorce petition must initially enter a judgment nisi, which is a provisional judgment that becomes absolute after expiration of a fixed period

of time unless the court orders otherwise upon the application of an interested party. Mass. Gen. Laws ch. 208, § 21. The marriage remains intact until the judgment becomes absolute. *Ross v. Ross*, 385 Mass. 30, 430 N.E.2d 815, 819 (1982).

the terms on the record. On October 26, the court entered a stipulated order regarding all terms of the Rule 69 agreement except those concerning Father's child support obligation. The order states "[b]y separate order the parties have modified Father's child support obligation effective May 1, 2006." Notwithstanding that reference, no such order appears to exist. Father, however, paid Mother a reduced amount of monthly child support for the next four years and without objection.

¶ 6 On August 6, 2010, the State appeared in the case pursuant to A.R.S. § 25–509, which authorizes the State to initiate proceedings or intervene in existing cases for the limited purpose of being heard regarding ongoing and past-due child support. The State, using the Massachusetts judgment, calculated Father's child support arrearages and obtained an order of assignment of wages from Father's employer. Father reacted by moving to retroactively modify the Massachusetts judgment by reducing Father's child support obligation as reflected in the parties' Rule 69 agreement. Mother opposed the motion, contending the parties had agreed only to reduce Father's child support obligation on a temporary basis. After conducting a hearing, the court granted Father's motion and ruled the parties had agreed to reduce Father's child support obligation on an ongoing basis effective May 1, 2006. This timely appeal followed.

## DISCUSSION

¶ 7 Although Mother raises multiple challenges to the order modifying the Massachusetts judgment, one issue is dispositive: Did the superior court acquire subject matter jurisdiction over the Massachusetts judgment to enable the court to modify the child support terms of the judgment?

### I.

¶ 8 Mother argues the superior court lacked subject matter jurisdiction to reduce Father's child support obligation because the Massachusetts judgment was never registered in Arizona pursuant to the Uniform Interstate Family Support Act (2001) ("UIFSA"), which Arizona has adopted. A.R.S. §§ 25–1201 to –1342. Although Mother never raised the issue in the superior court, a court's subject matter jurisdiction can be challenged for the first time on appeal. *Ames v. State*, 143 Ariz. 548, 552, 694 P.2d 836, 840 (App.1985). Father responds he properly registered the Massachusetts judgment. Alternatively, he essentially asserts the registration requirements of Arizona's version of UIFSA ("AUIFSA") are procedural rather than jurisdictional, and Mother waived any non-compliance with AUIFSA by failing to object in the 2006 proceedings. *See Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 538, ¶¶ 11–12, 57 P.3d 726, 728 (App.2002) (recognizing that while party can waive procedural defects it never waives challenge to court's subject matter jurisdiction). If Father registered the Massachusetts judgment in Arizona, we need not address whether registration serves as a prerequisite to conferring subject matter jurisdiction. We therefore initially address his compliance with the registration provisions.

### A.

¶ 9 Our courts are required to enforce a child support order issued by another state in compliance with the Full Faith and Credit for Child Support Orders Act, 28 U.S.C. § 1738B (West 2012) ("FFCCSOA"), and cannot modify such orders except as set forth under that Act. 28 U.S.C. § 1738B(a)(2). As relevant here, FFCCSOA permits a state court with jurisdiction over the non-moving party to modify a foreign child support order when the moving party registers the order in the non-issuing state and at least one other prerequisite not at issue here is satisfied.[3] 28 U.S.C. § 1738B(e), (i).

---

**3.** If the foreign judgment has been registered, a state court can modify a child support order issued by another state's court only when (1) the issuing state court no longer has continuing, exclusive jurisdiction because neither the child nor an individual party to the order resides in that state, or (2) each individual party to the order files a written consent with the issuing state court agreeing another state can modify the order and thereafter exercise continuing, exclusive jurisdiction. 28 U.S.C. § 1738B(e). The first scenario exists in this case.

¶ 10 AUIFSA sets forth the procedures for registering a child support order issued by another state court:

A. A support order ... of another state may be registered in this state by sending the following documents and information to the appropriate tribunal in this state:

1. A letter of transmittal to the tribunal requesting registration and enforcement.

2. Two copies, including one certified copy, of the order to be registered, including any modification of the order.

3. A sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage.

4. The name of the obligor and, if known:

   (a) The obligor's address and social security number....

   (b) The name and address of the obligor's employer and any other source of income of the obligor.

   (c) A description and the location of property of the obligor in this state not exempt from execution.

5. Except as otherwise provided in § 25–1252, the name and address of the obligee and, if applicable, the person to whom support payments are to be remitted.

A.R.S. § 25–1302(A). Upon receiving the request, the court must file the support order as a foreign judgment. A.R.S. § 25–1302(B). Upon filing, the order is "registered." A.R.S. § 25–1303(A). The court must then provide notice of the registration to the non-registering party and inform that party of the ability to contest the validity or enforceability of the order and dispute any claimed arrearages and the ramifications for not doing so. A.R.S. § 25–1305(A), (B). If the non-registering party contests the order, the superior court must conduct a hearing and adjudicate the contest. A.R.S. § 25–1306(C). If the non-registering party fails to contest the order within twenty days of service, it is confirmed by operation of law. A.R.S. § 25–1306(B). Confirmation precludes any challenge to the order on a basis that could have been asserted at the time of registration. A.R.S. § 25–1308.

¶ 11 Father does not dispute he failed to comply with A.R.S. § 25–1302(A) by neglecting to file (1) a letter with the court asking for registration and enforcement, (2) a certified and additional copy of the Massachusetts judgment with the separation agreement attached to establish the child support terms,[4] and, (3) if warranted, a sworn statement showing the amount of any arrearage. Rather, he argues the registration requirements of § 25–1302(A) are permissive as the statute provides that "[a] support order ... may [rather than 'shall'] be registered in this state" in the manner set forth in that statute. A.R.S. § 25–1302(A). It follows, Father contends, that the legislature intended to allow parties to use alternate means to enforce a child support order issued in another state. Because he filed the Massachusetts judgment in compliance with Arizona's version of the Revised Uniform Enforcement of Foreign Judgments Act ("AUEFJA"), A.R.S. §§ 12–1701 to –1708,[5] thereby providing notice to Mother, he asserts the judgment was properly before the court for enforcement and modification.

¶ 12 We interpret the registration requirements of AUIFSA de novo. *Escamilla v. Cuello*, 230 Ariz. 202, 205, ¶ 13, 282 P.3d 403, 406 (2012). In doing so, we determine and give effect to the legislature's intent initially by applying the plain language of the statutory provisions. *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 550, ¶ 6, 20 P.3d 590, 593 (App.2001). We also consider

---

4. Although Father's contemporaneously filed petition to modify the judgment purported to attach a copy of the separation agreement, it did not do so. We therefore reject Father's implicit argument that he filed the Massachusetts child support order by filing the judgment and then attaching the separation agreement to the petition to modify the judgment.

5. Specifically, following the directives of A.R.S. §§ 12–1702 and –1703, on January 23, 2006, Father filed with the superior court (1) his attorney's affidavit, which attached a certified copy of the Massachusetts judgment and provided the parties' addresses, (2) a notice of filing the judgment with the court, and (3) a copy of the Massachusetts court's certificate reflecting the date on which the judgment became absolute.

the context, purpose, and effects of the registration requirement and seek consistency with related statutes. *Ulan v. Pima Cnty. Bd. of Supervisors,* 213 Ariz. 553, 555–56, ¶ 7, 145 P.3d 650, 652–53 (App.2006).

¶ 13 We disagree with Father that the legislature's use of the word "may" in § 25–1302(A) reflects an intention to authorize use of methods outside AUIFSA to enforce or modify a foreign child support order. Instead, considering both the language of the statute and other provisions in AUIFSA, it is evident the legislature intended to simply describe how an order can be registered if a party chooses to do so.

¶ 14 Although, as Father asserts, use of the word "may" generally evidences permissive intent, *see Walter v. Wilkinson,* 198 Ariz. 431, 432, ¶ 7, 10 P.3d 1218, 1219 (App. 2000), he misconstrues the syntax of the initial sentence in § 25–1302(A). The word "may" modifies the verb "register" before the sentence describes how an order is registered. A.R.S. § 25–1302(A) ("A support order ... of another state may be registered in this state by...."). Thus, a plain reading of the language shows the legislature intended to permit registration of a child support order if the documents listed in § 25–1302(A) are sent to the court, which then files the order.

¶ 15 Our interpretation of § 25–1302(A) is bolstered by considering other provisions of AUIFSA. Most significantly, A.R.S. § 25–1309 provides "[a] party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another state *shall* register that order in this state in the same manner as provided in [AUIFSA]," [6] leaving no doubt a party cannot register the order pursuant to AUEFJA. A.R.S. § 25–1309 (emphasis added); *see also* A.R.S. § 25–1310 (authorizing an Arizona court to "enforce a child support order of another state registered for purposes of modification"); A.R.S. § 25–1313 (requiring compliance with the AUIFSA registration re-

quirements in an "enforcement or modification proceeding" when all individual parties reside in state and child no longer resides in issuing state).

¶ 16 Finally, if we adopted Father's interpretation of § 25–1302(A), parties would be able to bypass the notice provisions of AUIFSA, which are designed to permit the non-registering party an opportunity to contest the validity or enforceability of an order. *See supra* ¶ 10. Specifically, the letter requesting registration, which is required by § 25–1302(A) but not by AUEFJA, triggers the court's obligation to file the support order as a foreign judgment and then provide appropriate notice to the non-registering party. A.R.S. §§ 25–1303(A), –1305(A). If the child support order is filed pursuant to AUEFJA, nothing would trigger the court's obligation to provide the required notice to the non-registering party and explain the ramifications of failing to timely contest the validity or enforceability of the order or any arrearages. We do not discern any legislative intent to permit a party to register a foreign child support order in a manner that bypasses the notice provisions of AUIFSA.

¶ 17 In sum, the only way to register in Arizona a child support order issued in another state is to comply with A.R.S. § 25–1302. Because Father did not do so, the Massachusetts judgment was never registered in Arizona. The only remaining issue is whether this failure deprived the court of subject matter jurisdiction to modify the child support provisions of the judgment.

**B.**

¶ 18 "Subject matter jurisdiction" is "the power to hear and determine cases of the general class to which the particular proceedings belong...." *In re Marriage of Dorman,* 198 Ariz. 298, 301, ¶ 7, 9 P.3d 329, 332 (App.2000) (quoting *Estes v. Superior Court,* 137 Ariz. 515, 517, 672 P.2d 180, 182 (1983)) (internal quotation marks omitted), and is conferred by our constitution or stat-

6. Father asserts without authority that § 25–1302 applies only when a support enforcement agency seeks to register a child support order. Putting aside that nothing in § 25–1302 suggests this limitation, § 25–1309 defeats this argument by explicitly providing that "a party" seeking to modify and enforce an order must register that order in compliance with AUIFSA. A.R.S. § 25–1309.

utes. *State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14, 223 P.3d 653, 655 (2010). Subject matter jurisdiction cannot be vested in a court solely by waiver or estoppel. *Guminski v. Ariz. State Veterinary Med. Examining Bd.*, 201 Ariz. 180, 184, ¶ 18, 33 P.3d 514, 518 (App.2001). We independently review the superior court's subject matter jurisdiction as an issue of law. *Medina v. Ariz. Dep't of Transp.*, 185 Ariz. 414, 417, 916 P.2d 1130, 1133 (App.1995).

■ ¶ 19 Our constitution and statutes confer subject matter jurisdiction on the superior court to adjudicate domestic relations matters, including child support issues. Ariz. Const. art. VI, § 14(9); A.R.S. §§ 25–311, –320. The issue before us is whether AUIFSA establishes registration as an additional jurisdictional requirement before the court can modify a child support order issued in another state. To make this determination, we must ascertain and effectuate the legislature's intent. *Estate of Braden v. State*, 228 Ariz. 323, 325, ¶ 8, 266 P.3d 349, 351 (2011).

■ ¶ 20 We start with the plain language of the statutes in AUIFSA that address enforcement and modification of child support orders. *See City of Casa Grande*, 199 Ariz. at 550, ¶ 6, 20 P.3d at 593. As previously noted, *see supra* ¶ 15, A.R.S. § 25–1309 requires anyone seeking to modify and enforce a child support order issued in another state to register the order in compliance with AUIFSA. Section 25–1310 then provides:

> A tribunal of this state may enforce a child support order of another state registered for purposes of modification in the same manner as if the order had been issued by a tribunal of this state, *but the registered order may be modified only if the requirements of § 25–1311, 25–1313 or 25–1315 of this section have been met.*[7]

(Emphasis added.) Because Father, Mother, and Son lived in Arizona at the time the court modified the child support provisions of the Massachusetts judgment, § 25–1313 applies:

> A. If all of the individual parties reside in this state and the child does not reside in

the issuing state, a tribunal of this state has jurisdiction to enforce and modify the issuing state's child support order *in a proceeding to register that order.*

> B. A tribunal of this state exercising jurisdiction as provided in this section shall apply the provisions of this article [A.R.S. §§ 25–1301–1315] and articles 1 and 2 of this chapter to the enforcement or modification proceeding. Articles 3, 4, 5, 7 and 8 of this chapter do not apply, and the tribunal shall apply the procedural and substantive laws of this state.

A.R.S. § 25–1313 (emphasis added). Section 25–1313(A) reveals the legislature's intention that registration is jurisdictional by providing that a state tribunal has "jurisdiction" to enforce and modify another state's support order "in a proceeding to register that order." A.R.S. § 25–1313(A). Subsection (B) bolsters that conclusion by requiring a state tribunal to comply with A.R.S. §§ 25–1301–1315, including the registration requirement, in the process of "exercising jurisdiction." *Id.* § 25–1313(B); *see also* A.R.S. § 25–1311(A) (providing court may modify another state's order after it has been "registered in this state" when the petitioning party resides outside Arizona, the non-petitioning party is subject to personal jurisdiction in Arizona, and the child lives outside the issuing state); Unif. Interstate Family Support Act § 609 cmt. (amended 2008) (Supp.2011) (commenting court may "assume subject matter jurisdiction as provided in Sections 611 or 613 [A.R.S. §§ 25–1311 or –1313]" to modify if court has requisite personal jurisdiction); *see generally Upson v. Wallace*, 3 A.3d 1148, 1156 (D.C.2010) ("Although the UIFSA never speaks explicitly of 'subject matter jurisdiction,' the terms that it does use—'jurisdiction' and 'continuing exclusive jurisdiction'—are simply alternative ways of referring to subject matter jurisdiction.").

¶ 21 Our interpretation of A.R.S. § 25–1313 is consistent with other provisions of UIFSA and FFCCSOA requiring that only one child support order be in effect at a given time. *See Hamilton v. Hamilton*, 914 N.E.2d 747, 751 (Ind.2009) ("The stated ob-

---

7. The applicability of §§ 25–1311, –1313, or –1315 depends on the residency of the parties and child and whether the order at issue was entered in another state or in a foreign country.

jective of both UIFSA and FFCCSOA is to create a national regime in which only a single support order is effective at any given time."). Both Acts provide that the issuing state retains continuing, exclusive jurisdiction over a child support order until another state modifies the order in accordance with the pertinent statutory requirements, including registration. *See* Unif. Interstate Family Support Act § 205 cmt. (amended 2001) ("Even if all parties and the child no longer reside in the State, the support order continues in existence and is fully enforceable unless and until a modification takes place in accordance with the requirements of Article 6 [including registration requirements]."); *see also* 28 U.S.C. § 1738B(a)(1), (d), (i) (FFCCSOA, providing state tribunal shall not modify a child support order unless it is registered and issuing court retains continuing, exclusive jurisdiction until another state properly modifies order). Unless the foreign child support order is registered, the issuing state retains exclusive jurisdiction, which means another state lacks jurisdiction to modify the order unless it is registered and other prerequisites are satisfied. Our interpretation of § 25–1313 preserves this "one-order" system carefully put in place by UIFSA and FFCCSOA.

¶ 22 In summary, consistent with decisions in other states, we hold that registration in Arizona of a child support order issued in another state is necessary to confer subject matter jurisdiction on the superior court to modify the order.[8] Because Father never registered the child support provisions of the Massachusetts judgment, the superior court never acquired subject matter jurisdiction to modify them, making the court's order void.

*Cockerham v. Zikratch,* 127 Ariz. 230, 234, 619 P.2d 739, 743 (1980) (explaining judgments rendered by court lacking subject matter jurisdiction are void). Likewise, this court lacks subject matter jurisdiction to consider the merits of a void order. *McHazlett v. Otis Eng'g Corp.,* 133 Ariz. 530, 533, 652 P.2d 1377, 1380 (1982). We therefore dismiss the appeal, *see id.,* and instruct the superior court to vacate its order entered September 9, 2011 to the extent it modifies the child support provisions set forth in the Massachusetts judgment. In light of our decision, we need not address the parties' remaining arguments, and we deny Father's request for sanctions.

## CONCLUSION

¶ 23 A party or support agency must register a foreign child support order in compliance with AUIFSA in order to confer subject matter jurisdiction on an Arizona court to modify that order. Because the child support order issued by Massachusetts was never registered in Arizona, the superior court lacked subject matter jurisdiction to modify that order. Because the modification order is void, we dismiss this appeal and instruct the superior court to vacate the order.

CONCURRING: JOHN C. GEMMILL, and MARGARET H. DOWNIE, Judges.

---

8.  *See, e.g., Williams v. Williams,* 91 So.3d 56, 62 (Ala.Civ.App.2012); *In re Welfare of S.R.S.,* 756 N.W.2d 123, 126–27 (Minn.Ct.App.2008); *Lamb v. Lamb,* 14 Neb.App. 337, 707 N.W.2d 423, 435–36 (2005); *Auclair v. Bolderson,* 6 A.D.3d 892, 775 N.Y.S.2d 121, 123 (2004). *But see In re Schneider,* 173 Wash.2d 353, 268 P.3d 215, 219, ¶¶ 15–17 (2011); *Kendall v. Kendall,* 340 S.W.3d 483, 500–01 (Tex.App.2011).