NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MELANIE BLYTHE GREENHAM,
*Petitioner/Appellant*,

*v.*

JASON DOUGLAS HOPE,
*Respondent/Appellee.*

No. 1 CA-CV 17-0263 FC
FILED 3-20-2018

Appeal from the Superior Court in Maricopa County
No.  FC2011-093940
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

APPEARANCES

Melanie Greenham, Mexico
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

**J O H N S E N**, Judge:

¶1          Melanie Blythe Greenham ("Mother") appeals the superior court's denial of her motion to vacate part of a child-support order.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Mother and Jason Douglas Hope ("Father") married in 1990 and over the course of their marriage had three children.  They divorced in South Carolina in 2011; the dissolution decree incorporated a settlement agreement.  At the time, Mother lived in Arizona and Father, New York. The settlement agreement stated that Mother would be the primary residential parent and Father would pay child support.

¶3          Mother subsequently remarried and moved to Mexico with the children and her new husband.  In 2011, Father filed the decree in Maricopa County Superior Court and sought custody of the children. Father was awarded sole custody, and in 2012 he petitioned the Arizona court to modify his child support.  The court allowed Father to serve his petition on Mother by emails sent to her email address and the email address of her new husband.  The court then set an evidentiary hearing, which it later continued, over Mother's objection, to November 5, 2012. Mother moved for leave to appear at the hearing by telephone, acknowledging in her motion that the court would consider the parties' child support obligations at that hearing.  The record does not disclose whether the court ruled on Mother's motion, but she failed to attend the hearing, without explanation.  After the hearing, the court adopted Father's child support proposal, which eliminated Father's responsibility to pay child support, required Mother to pay Father child support of $124.43 per month beginning May 1, 2012, and required Mother to pay back child support of $204.00 per month for the months between November 2011 and April 2012.

¶4          On appeal, we held it was unclear "whether South Carolina relinquished its continuing, exclusive jurisdiction" under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Arizona Revised Statutes ("A.R.S.") sections 25-1001 to -1067 (2018).[1]  *See Hope v. Hope*, 1 CA-CV 13-0112, 2014 WL 860797, at *4, ¶ 23 (App. Mar. 4, 2014) ("2014 Decision").  We therefore instructed the superior court to vacate the

---

[1]          Absent material revision after the relevant date, we cite the current version of a statute or rule.

child support modification in accordance with *Glover v. Glover*, 231 Ariz. 1, 7, ¶ 22 (App. 2012), and to determine whether the court had subject-matter jurisdiction under the UCCJEA.  2014 Decision at \*6, ¶ 34.

**¶5**      On remand, Mother and Father stipulated that the South Carolina child support order was properly registered with the superior court by July 21, 2014, and thus the Arizona court had gained subject-matter jurisdiction over child support.  On June 9, 2015, and after conferring with the South Carolina court, *see* A.R.S. § 25-1033 (2018), the superior court entered an order finding that it had subject-matter jurisdiction over both child custody and child support and personal jurisdiction over both Mother and Father.  The court further found that Mother had had notice and an opportunity to be heard on the matter of child support modification, and accordingly adopted the child support arrangements Father had presented in 2012.

**¶6**      Mother again appealed; we held that the superior court had subject-matter jurisdiction to enter the child support order pursuant to A.R.S. § 25-1311(A)(2) (2018) and that Mother had waived any objection to personal jurisdiction by appearing in the action.  *See Hope v. Greenham*, 1 CA-CV 15-0548 FC and -1791 FC, 2016 WL 3773544, at \*4, ¶¶ 24-27 (App. Jul. 12, 2016) ("2016 Decision").

**¶7**      On January 25, 2017, Mother moved the superior court to vacate its June 9, 2015 ruling, arguing the superior court lacked subject-matter jurisdiction to modify child support because Father had not properly served her with his April 19, 2012 petition to modify child support.  The superior court denied the motion, and Mother timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018) and -2101(A)(2) (2018).  *See In re Marriage of Dougall,* 234 Ariz. 2, 5-6, ¶ 9 (App. 2013) (denial of a motion made pursuant to Arizona Rule of Family Law Procedure 85(C) is appealable under § 12-2101(A)(2)).  Father filed no answering brief.  Although we may deem his failure to constitute a confession of reversible error, in our discretion, we will not do so but will consider the merits of Mother's appeal.  *See Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

## DISCUSSION

**¶8**      Mother argues the superior court did not have jurisdiction to modify the child support order.  Specifically, Mother claims Father failed to properly serve her with his April 19, 2012 petition to modify child support, which she contends divested the superior court of jurisdiction and rendered

its subsequent ruling void. She further argues she was deprived of due process because she was not given proper notice that the court was going to consider child support modifications at the hearing on November 5, 2012. We review *de novo* the superior court's denial of a motion under Rule 85(C)(1)(d) to vacate a void judgment. *See Ezell v. Quon*, 224 Ariz. 532, 536, ¶ 15 (App. 2010) (*de novo* review of denial of motion to vacate void judgment under Arizona Rule of Civil Procedure 60(c)(4)); Ariz. R. Fam. L. Proc. 85 cmt. (Rule 85 is analog of Ariz. R. Civ. Proc. Rule 60).

**¶9** Mother's argument that she was not properly served with the child-support petition amounts, at most, to a challenge to personal jurisdiction, not subject-matter jurisdiction. *See, e.g., N. Propane Gas Co. v. Kipps*, 127 Ariz. 522, 525 (1980) ("The due process clause of the United States Constitution . . . limits the power of a state to achieve personal jurisdiction over a defendant.") (citing *Kulko v. Super. Ct.*, 436 U.S. 84 (1978)). But Mother waived any challenge to personal jurisdiction by repeatedly appearing in court and making court filings in the child-support proceeding. *See Shah v. Vakharwala*, 1 CA-CV 17-0129 FC, ___ Ariz. ___, 2018 WL 358214 at *2, ¶ 8 (App. Jan. 11, 2018). Indeed, we already have held that "Mother has waived any challenge to personal jurisdiction because she appeared in the matter and litigated it on the merits." 2014 Decision at *6, ¶ 30.

**¶10** In the event that Mother means to challenge the subject-matter jurisdiction of the superior court, we held in the 2016 Decision at *4, ¶ 26, that the Maricopa County Superior Court properly acquired subject-matter jurisdiction when Father properly registered the South Carolina support order in July 2013 or July 2014. Accordingly, and because "the consent decree clearly designates Arizona as the minor children's home state and the state in which all future actions will be adjudicated," we held the superior court had subject-matter jurisdiction to modify the child support order. *Id.* at *4, ¶¶ 24-27.

**¶11** Finally, Mother contends that when the superior court ruled in June 2015, it failed to take into account the changes in Mother's circumstances since 2012. If Mother believes that she has had a substantial and continuing change in circumstances, she may ask the superior court to modify the order. *See* A.R.S. §§ 25-327(A) (2018), -503(E) (2018).

## CONCLUSION

¶**12** For the foregoing reasons, we affirm the superior court's denial of Mother's motion.



AMY M. WOOD • Clerk of the Court
FILED: AA