NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

In re the Marriage of:

CELINA WILLIAMSON,
*Petitioner/Appellee*,

v.

THEODORE R. WILLIAMSON,
*Respondent/Appellant*.

No. 1 CA-CV 19-0325 FC

FILED 6-16-2020

---

Appeal from the Superior Court in Yuma County
No. S1400DO200901511
The Honorable John P. Plante, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Vida A Florez-Warner Attorney at Law, Yuma
By Vida Z. Florez-Warner
*Counsel for Petitioner/Appellee*

Torok Law Office, PLLC, Yuma
By Gregory T. Torok
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**M O R S E**, Judge:

¶1            On June 7, 2011, the superior court dissolved the marriage of Theodore R. Williamson ("Theodore") and Celina Williamson ("Celina") pursuant to a decree of dissolution of marriage.  Theodore appeals the family court's denial of his motion to vacate that decree, arguing that the family court lacked subject-matter jurisdiction because the marriage at issue was void.  For the reasons herein, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            On November 12, 2009, Celina filed a petition for dissolution of the marriage.  Over a year later, in January 2011, Theodore moved to dismiss Celina's petition, arguing that the marriage was void because Celina was still married to her former husband and her marriage to Theodore was bigamous. Subsequently, Theodore and Celina entered into an agreement under Rule 69,[1] Theodore withdrew his petition to dismiss, and the court entered the decree of dissolution.  Theodore's counsel expressly informed the family court that counsel "explained to [Theodore] that if he withdraws that petition that [the] matter will be moot and the divorce will go forward."

¶3            In August 2011, shortly after the decree was entered, Celina filed a petition to enforce the decree of dissolution, arguing that Theodore was not complying with its terms.  In response, Theodore filed a petition to vacate the decree of dissolution, again arguing that his marriage to Celina was void because she was already married to another person when she married Theodore.  Eventually the parties resolved their dispute with another Rule 69 agreement, and the court dismissed "[a]ll post-decree actions" with prejudice, including Theodore's post-decree petition to vacate the decree of dissolution.

---

[1]      Throughout this decision, "Rule" refers to the Arizona Rules of Family Law Procedure.

¶4        The court resolved still more post-decree petitions to enforce the dissolution decree and entered a judgment against Theodore on April 6, 2016.  On October 6, 2016, Theodore moved to vacate the June 2011 decree of dissolution, the April 6, 2016 judgment, and all other orders in the case. Theodore repeated his earlier argument that the family court lacked subject-matter jurisdiction to enter the decree of dissolution because his putative marriage to Celina was bigamous.

¶5        The court held a hearing on the motion.  Despite "considerable evidence" supporting Theodore's claim that his marriage to Celina was bigamous, the court ruled the argument had "been waived more than once," and found no good cause to set aside the decree of dissolution or the other orders.  Theodore timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6        Theodore argues that the family court erred in denying his motion to vacate the decree of dissolution because it lacked subject-matter jurisdiction and subject-matter jurisdiction cannot be waived.  Theodore also argues that all post-decree orders, including the April 2016 judgment, are void because the family court lacked authority to enter the decree.  We first address the threshold issue of subject-matter jurisdiction.

¶7        We review challenges to the family court's subject-matter jurisdiction *de novo*.  *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012). Subject-matter jurisdiction is "the power to hear and determine cases of the general class to which the particular proceedings belong[.]" *Glover v. Glover*, 231 Ariz. 1, 5, ¶ 18 (App. 2012) (citation omitted).  Subject-matter jurisdiction is "conferred by our constitution or statutes" and "cannot be vested in a court solely by waiver or estoppel." *Id.* at 5-6, ¶ 18.

¶8        We may affirm the family court for any reason supported by the record.  *Pettit v. Pettit*, 218 Ariz. 529, 531, ¶ 4 (App. 2008). While subject-matter jurisdiction cannot be waived, *Glover*, 231 Ariz. at 5-6, ¶ 18, the family court had subject-matter jurisdiction over this case even if Theodore's marriage to Celina was bigamous.

¶9        Theodore incorrectly argues that the family court lacks any authority over a void marriage.  Arizona law specifically vests superior courts with the jurisdiction to "adjudge a marriage to be null and void when the cause alleged constitutes an impediment rendering the marriage void." A.R.S. § 25-301.  "The jurisdictional requirements and procedure for obtaining an annulment shall be the same as if the matter were one for

3

dissolution of marriage." A.R.S. § 25-302(A). As outlined in these statutory provisions, the family court has jurisdiction to dissolve or annul putative marriages even assuming that the marriage is void *ab initio*. The family court also has the authority to divide property between the parties and establish rights regarding children even when annulling a void marriage. A.R.S. § 25-302(B). Accordingly, even if Theodore's claim was proven, the family court retained subject-matter jurisdiction over this case.

¶10        More substantively, Theodore argues that the decree of dissolution was wrongly entered as a result of Celina's allegedly fraudulent divorce documentation. Though Theodore cites no Rule in either his motion or his briefing on appeal, we presume his motion to vacate the decree was made under Rule 85(b)(3), which allows a party to move for relief from a final judgment on the basis of fraud or misrepresentation. Motions for relief from judgment due to a party's alleged fraud or misrepresentation must be made "no more than 6 months after the entry of the judgment[.]" Rule 85(c)(1). The family court properly denied Theodore's motion to vacate the decree because it was filed nearly five years after the entry of the divorce decree. *See Quijada v. Quijada*, 246 Ariz. 217, 220, ¶ 7 n.4 (App. 2019) (noting that Rule 85 motions based on mistake, newly discovered evidence, or fraud are time-barred if brought more than six months after judgment).

¶11        Finally, even if Theodore's motion were timely, his argument has been waived. Theodore was informed by his counsel that the decision to withdraw his original petition to dismiss would "moot" the argument he now attempts to forward. Theodore later consented to a Rule 69 order which dismissed this argument with prejudice. Theodore claims waiver does not apply to challenges to subject-matter jurisdiction. But, as noted above, the family court had subject-matter jurisdiction.

¶12        Theodore also appeals the family court's denial of his motion to vacate certain post-decree orders, including the April 2016 judgment. He argues these orders should be set aside because the decree of dissolution is void. Because these arguments are contingent on Theodore's untimely challenge to the underlying decree, we also reject them.

4

## CONCLUSION

**¶13**     We affirm the family court's orders in all respects.  We deny Celina's request for reasonable attorney fees because she cites no supporting authority.  *See In re Marriage of Kassa*, 231 Ariz. 592, 594, ¶ 7 (App. 2013).



AMY M. WOOD • Clerk of the Court
FILED:    AA