IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ARAFAT ALI, *Petitioner/Appellant,*

*v.*

JAYLENE ALI, *Respondent/Appellee.*

No. 1 CA-CV 21-0434 FC
FILED 4-26-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-006074
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Cosmas Onyia PC, Phoenix
By Cosmas Onyia
*Counsel for Petitioner/Appellant*

The Murray Law Offices PC, Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellee*

---

**OPINION**

Judge Angela K. Paton delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Vice Chief Judge David B. Gass joined.

---

**P A T O N**, Judge:

¶1          Arafat Ali ("Father") appeals from the superior court's child support order.  Because he has shown no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          During their marriage, Jaylene Ali ("Mother") and Father had a son. A year later, Mother and Father divorced in California.  Mother and son moved to Arizona while the divorce proceeding was pending, and Father remained in California.  Due to Father's history of domestic violence against Mother, Parents stipulated that Mother would be awarded sole legal and physical custody of son and Father would have no parenting time or visitation.  A California court entered a custody order reflecting this stipulation and provided that "upon entry of the filing of the parties' marital dissolution, California shall relinquish jurisdiction to Arizona whereby Arizona shall have jurisdiction to make any further child custody and child visitation orders in this case."   Father registered the California custody order in Arizona, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, A.R.S. § 25-1055.   Neither Parent registered any other order in Arizona.

¶3          Two years later, Father petitioned the Maricopa County Superior Court ("superior court") to modify the California custody order. Father sought (1) joint legal decision-making authority, (2) long-distance parenting time, and (3) a modified child support order based on Arizona Child Support Guidelines, A.R.S. § 25-320 app. ("2018 Guidelines") (current version at A.R.S. § 25-320 app. (2022)).

¶4          In his proposed resolution statement, Father said "[t]he California Court did not establish any order for child support" and asked the superior court to "determine and establish [a] child support order in this matter based on the Arizona Child Support Guidelines."  In his pretrial

statement, Father again asked the superior court to enter child support orders consistent with Arizona Guidelines.

¶5        At the evidentiary hearing on Father's petition, Father confirmed that no child support decree was entered in California. The superior court found that it had subject matter jurisdiction to enter a child support order because California declined to do so.

¶6        The superior court ordered joint legal decision-making authority and a long-distance parenting plan that "maximize[d] each parent's parenting time." The court found there was no existing child support order and ordered Father to pay $487.00 in monthly child support pursuant to the Arizona Guidelines.

¶7        Father moved to amend, asking the superior court to vacate the child support order. Father argued for the first time that a California court ordered he pay $0.00 in child support, and because that order was not registered in Arizona, the superior court could not modify it. Father, however, never provided the alleged California support order to the superior court.

¶8        The superior court denied Father's motion. The court reasoned that "the evidence presented at trial did not suggest that a California court evaluated evidence and determined that neither party should pay child support; instead, the evidence was that the California court did not address the issue, so that there was no determination to register." The superior court also noted that it was Father who initiated the proceedings and asked the court to award child support pursuant to Arizona Guidelines.

¶9        Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.    Subject Matter Jurisdiction

¶10        We review challenges to subject matter jurisdiction de novo. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012) (citing *State v. Bryant*, 219 Ariz. 514, 516, ¶ 4 (App. 2008)). "'Subject matter jurisdiction' is 'the power to hear and determine cases of the general class to which the particular proceedings belong . . . .'" *Glover v. Glover*, 231 Ariz. 1, 5, ¶ 18

(App. 2012) (quoting *In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 7 (App. 2000)).

¶11            Father argues the superior court lacked subject matter jurisdiction to enter the child support order. Specifically, he contends that the marital dissolution decree entered in California provided that "neither party shall pay or receive child support from the other parent[,]" and therefore *Glover* controls.

¶12            In *Glover*, this court recognized that Arizona's Uniform Interstate Family Support Act requires a party to register a foreign child support order to confer subject matter jurisdiction on Arizona courts to modify that support order. *See Glover*, 231 Ariz. at 2, ¶ 1 (discussing A.R.S. §§ 25-1201 to -1342); *see also* A.R.S. § 25-1309 (requiring a party seeking to have an Arizona superior court modify a child support order issued in another state to first register that order in Arizona).

¶13            A child support order is "a judgment, decree, order, decision or directive . . . that provides for monetary support" for a child. A.R.S. § 25-1202(2), (29). An order providing that neither parent is required to pay child support to the other parent for the benefit of a child is an order providing for monetary support for that child. *See* A.R.S. § 25-1202. In other words, a zero-dollar child support award is a valid order that, under *Glover*, must be registered before it can be modified by another state. *Glover*, however, is inapposite here because the record contains no existing child support order for Arizona to modify.

¶14            Instead, as the superior court properly found, the evidence showed that the California court did not address child support, and "there was no determination to register." This evidence included Father's pre-hearing filings admitting there was no existing child support order and asking the superior court to enter one in compliance with Arizona Guidelines, and Father's explicit confirmation at the evidentiary hearing that the California court did not enter a child support order. The record supports the superior court's finding that no child support order existed.

¶15            Because no previous support order existed, the superior court had subject matter jurisdiction to enter the child support order. *See* A.R.S. § 25-502(A), (J) (superior court has jurisdiction to establish child support obligation upon the filing of a petition by a parent); *see also* A.R.S. § 25-320(A) (in a proceeding for child support, the court may order a parent owing a duty of support to a child to pay an amount reasonable and necessary for the support of the child). Father petitioned the superior court

to establish child support, among other things, and the court entered its order in a proceeding to determine "legal decision making, parenting time, and child support." Thus, the superior court acted within its jurisdiction when it entered the child support order.

## II.  Attorneys' Fees

¶16  Mother requests an award of her attorneys' fees and costs under A.R.S § 25-324(A). Having considered the financial resources of both parties and the positions they have taken, we grant Mother her reasonable attorneys' fees and taxable costs incurred on appeal upon her compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶17  We affirm the child support order. We note, however, that we reach this decision based on the record in this case, and Father's failure to prove a previous child support order existed.[1]



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1] We also note that under Arizona law, a party never waives challenges to a court's subject matter jurisdiction. *See Glover*, 231 Ariz. at 3, ¶ 8 (citing *Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 538, ¶¶ 11-12 (App. 2002)). Accordingly, Father may request Relief from Judgment under Arizona Rule of Family Law Procedure 85(b) if he can produce a previously issued child support order.