NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LEAH R. LAGMAN, *Petitioner/Appellee,*

*v.*

MICHAEL DEAN LAGMAN, *Respondent/Appellant.*

No. 1 CA-CV 22-0060 FC
FILED 9-13-2022

Appeal from the Superior Court in Maricopa County
No. FC2020-006004
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Hammerman & Hultgren, P.C., Phoenix
By Jon R. Hultgren
*Counsel for Petitioner/Appellee*

Ruby J. Becker Attorney at Law, Mesa
By Ruby J. Becker
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1          Michael Dean Lagman ("Father") appeals from the superior court's denial of his motion for relief from judgment confirming a California child support order and arrears owed to Leah R. Lagman ("Mother"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Father and Mother have three children, born in 1990 and 1992. The parties divorced in California, and in 1998, a California superior court issued a child support order that awarded Mother $600 in monthly child support, $200 per child.

¶3          Father later moved to Arizona, and in October 2020, Mother registered the California child support order in Maricopa County. In a signed affidavit accompanying her request to register the foreign judgment, Mother alleged Father owed $225,945.34 in arrears. Father's attorney filed an acceptance of service, acknowledging he had received the notice of registration, the request to register the foreign judgment, and Mother's accompanying affidavit. Father failed to file an objection to the registration of the order and the allegation of arrears.

¶4          The court subsequently issued an order confirming the foreign support order and the alleged arrears. Father filed a motion for relief from judgment pursuant to Arizona Rule of Family Law Procedure ("ARFLP") 85, alleging Mother committed fraud and misled the court. *See* ARFLP 85(b)(3). Father did not deny that a child support order existed, but he argued that if Mother was owed arrears, she had failed to obtain a proper judgment and had not attempted to timely collect the arrears.

¶5          The superior court denied Father's motion, finding he had failed to object to Mother's notice of registration within twenty days, as required by Arizona Revised Statutes ("A.R.S.") section 25-1305(B)(2). The superior court further found that Mother was not required to obtain an arrearage judgment when registering the parties' child support order;

2

under A.R.S. § 25-1302(A), the registering party is only required to submit an affidavit attesting to the amount of arrears owed.

**¶6**        Father timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶7**        We review a superior court's ruling on a motion to set aside a judgment for an abuse of discretion.  *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017).  We view the facts in the light most favorable to sustaining the superior court's order and will affirm its findings unless they are clearly erroneous.  *Id.*  We review conclusions of law and interpretations of statutes and rules de novo.  *Id.*

**¶8**        An Arizona court lacks jurisdiction to enforce a child support order issued by another state unless the foreign order has been registered in an Arizona court.  *See* A.R.S. § 25-1301; *Glover v. Glover*, 231 Ariz. 1, 2, ¶ 1 (App. 2012).  Arizona's Uniform Interstate Family Support Act ("AUIFSA") specifies the procedure for registering a foreign support order in Arizona.  S*ee* A.R.S. §§ 25-1301 to -1308.  A party seeking registration must submit to the court: (1) a letter requesting registration and enforcement; (2) two copies of the order to be registered, one of which must be certified; (3) a sworn statement by the registering party or a certified statement by the custodian of the records showing the arrearage amount; (4) the name of the obligor; and (5) the name and address of the obligee. A.R.S. § 25-1302(A).

**¶9**        A party who seeks to contest the validity or enforcement of a foreign order must request a hearing "within twenty days after the date of mailing or personal service of the notice" of the order's registration.  A.R.S. §§ 25-1305(B)(2), -1306.  A party that fails to timely request a hearing is precluded from contesting the registered order, and the court may confirm the order, including the amount of alleged arrearages.  A.R.S. §§ 25-1305(B)(3), -1306(B), -1308.

**¶10**        AUIFSA does not bar all objections made outside the twenty-day period, but instead bars "any matter that could have been asserted at the time of registration."  A.R.S. § 25-1308; *see State ex rel. DES v. Pandola*, 243 Ariz. 418, 420, ¶ 8 (2018).  The objections that could have been asserted at the time of registration are enumerated in § 25-1307(A):

A party contesting the validity or enforcement of a registered support order or seeking to vacate the registration has the burden of proving one or more of the following defenses:

1. The issuing tribunal lacked personal jurisdiction over the contesting party.

2. The order was obtained by fraud.

3. The order has been vacated, suspended or modified by a later order.

4. The issuing tribunal has stayed the order pending appeal.

5. There is a defense under the law of this state to the remedy sought.

6. Full or partial payment has been made.

7. The statute of limitation applicable under § 25-1304 precludes enforcement of some or all of the alleged arrearages.

8. The alleged controlling order is not the controlling order.

¶11      Father's failure to timely object to the notice of registration waived his arguments that Mother overstated the amount of arrears or that she has "unreasonably delayed" collecting arrears. *See* A.R.S. § 25-1307(A)(5), (6), (7); *Pandola*, 243 Ariz. at 420, ¶ 10.

¶12      Father raises other arguments not enumerated within the applicable statute. Father first argues that "no arrearage amount was established" in the notice of registration, and so he had no reason to contest the notice. However, the notice stated that Mother "alleges an arrearage and/or consolidated arrearage amount." In her accompanying affidavit, Mother specifically alleged arrears in the amount of $225,945.34, and Father acknowledged receipt of this affidavit. Father was given notice of the alleged arrears.

¶13      Father claims Mother's affidavit was deficient because when filling out the form "affidavit to register foreign (out of state) family support order," she failed to fill out section 3C of the form. As Mother points out, this section was only required to be filled out if she was registering multiple support orders. Here, Mother registered only one support order, and so the form makes it clear that she was supposed to leave this section blank.

Notwithstanding that fact, this is a form document provided by the courts to assist individuals in their filings, but it is not required to comply with the registration requirements of the AUIFSA. There is no support for the proposition that an individual's omission or mistake in completing the form would render the affidavit deficient if it otherwise complies with the statutory requirements of the AUIFSA. The AUIFSA requires that Mother sign a sworn statement that shows the arrearage amount, which she did. *See* A.R.S. § 25-1302(A)(3). We perceive no error.

¶14　　　　Father also argues that Mother was required to provide more evidence of the arrearage amount than her signed affidavit. He claims Mother was required to have "a certified statement of arrears" from a custodian of records, a calculation of arrears, a judgment for arrears issued by a California court, or other supporting documentation. But the AUIFSA makes it clear that the only documentation needed to establish the amount of an arrearage is *either* (1) a sworn statement by the person requesting registration, *or* (2) a certified statement by a custodian of the records. A.R.S. § 25-1302(A)(3). Mother provided her sworn statement, and so she was not required to provide a certified statement by the custodian of the records.

¶15　　　　Father next contends the court failed to consider whether Mother's calculation of arrears was determined under California law, as required by A.R.S. § 25-1304. But the superior court had no reason to make such a determination sua sponte when Father failed to object to the judgment. Even so, on appeal, he fails to provide any evidence or argument that demonstrates the calculation of arrears did not comply with § 25-1304. *See Boswell v. Fintelmann*, 242 Ariz. 52, 54, ¶ 7 n.3 (App. 2017) (undeveloped, unsupported, conclusory arguments are deemed waived). We find no error.

¶16　　　　Finally, Father claims that Mother's registration and affidavit were not sufficient on their own to establish an enforceable order for child support. After Father's failure to timely object to the notice of registration, the court issued an "order/judgment confirming registered child support order." But Father claims before the court could issue this order and attempt to enforce the registered child support order, Mother was required to comply with A.R.S. § 25-1302(C), which states, "A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this state may be filed at the same time as the request for registration or later." According to Father, Mother needed to file a petition under ARFLP 91 or 92 in order to enforce the child support order and arrears.

¶17        But section 25-1302(C) states an individual *may* file a petition or pleading when filing the request for registration.  As AUIFSA notes, no other pleading or petition is required to enforce the registered support order: "If the nonregistering party fails to contest the validity or enforcement of the registered support order in a timely manner, *the order is confirmed by operation of law*."  A.R.S. § 25-1306(B) (emphasis added); *see also* A.R.S. § 25-1305(B)(3) ("failure to contest the validity or enforcement of the registered order in a timely manner *will result in confirmation of the order and enforcement of the order* and the alleged arrearages") (emphasis added).  The court filed an order confirming the foreign support order and the alleged arrears, as described in the AUIFSA.  We find no error.

## CONCLUSION

¶18        For the foregoing reasons, we affirm.  Mother requests her attorneys' fees and costs on appeal.  We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal.  A.R.S. § 25-324(A).  In the exercise of our discretion, we grant Mother her reasonable attorneys' fees in addition to her costs on appeal, upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA

6